■ DAVID W. SIEWERT, Individually and as Parent and Natural Guardian of RACHEL A. SIEWERT, an Infant, Appellant, v LOUDONVILLE ELEMENTARY SCHOOL et al., Respondents. [620 NYS2d 149] —Casey, J. Appeal from an order of the Supreme Court (Keegan, J.), entered December 20, 1993 in Albany County, which, *inter alia,* granted defendants' motion *in limine.*

Plaintiff's daughter, an eight-year-old third-grade student at defendant Loudonville Elementary School, was injured during a recess period while snow sliding down a hill with 23 other children in her class. The activity consisted in the children squatting on their haunches and allowing their feet to slide the length of the slippery surface into a snow bank that had been plowed from the parking lot onto the base of the hill. On the day of the accident the school-appointed noontime aide denied the infant permission to slide since she was wearing only sneakers and had not brought a pair of boots with her. Despite the refusal of permission, however, the infant waited about 15 minutes, until the aide's attention was otherwise diverted, and then slid down the hill and into the snow bank causing her injuries.

The amended complaint in the action for damages on the infant's behalf alleges two distinct legal theories of liability. The first is negligent supervision. The second is defendants' actual knowledge, or at least constructive notice, of a hazardous condition consisting of the snow or ice mound on their property. Following the joinder of issue and examinations before trial, defendants moved for summary judgment on the specific grounds that the infant's injury was not proximately caused by lack of supervision, but by her own negligent conduct, and that the snow bank did not constitute a dangerous or defective condition. In support of their motion, defendants submitted adequate proof in admissible form in respect to both theories of liability. In response, plaintiff made a sufficient showing to raise an issue of fact with respect to the claim of inadequate supervision only. On this limited showing by plaintiff, Supreme Court, by order dated September 20,

1993, denied defendants' summary judgment motion. Shortly thereafter, when the case was called for trial, defendants moved *in limine* to preclude testimony "concerning the existence or nonexistence of a dangerous condition on the hill in question". Supreme Court granted the motion and limited proof by plaintiff to the sole issue of negligent supervision at the time of the occurrence, precluding plaintiff's proof on the issue of dangerous instrumentality, condition or defect. Plaintiff appeals.

CPLR 3212 (g) permits a court, when a summary judgment motion is denied or granted in part, to ascertain what facts are not in dispute or are incontrovertible, and to make an order specifying the facts deemed established for all purposes in the action. Although the order of September 20, 1993 which denied defendants' motion for summary judgment did not specify the facts deemed established, CPLR 3212 (g) also authorizes the court to make any order as may aid in the disposition of the action, and we are of the view that the order which granted defendants' motion *in limine* is such an order.

As noted by Supreme Court in granting defendants' motion *in limine,* defendants had, in support of their prior motion for summary judgment, submitted sufficient evidentiary proof in admissible form to meet their burden on both the negligent supervision and dangerous condition theories alleged in the complaint. In opposition to the motion, plaintiff submitted evidence only in support of the negligent supervision theory. Despite defendants' reply affidavit which pointed out the omission, plaintiff failed to submit evidentiary proof in admissible form relevant to the dangerous condition theory. In these circumstances, we are of the view that Supreme Court correctly granted defendants' motion to limit plaintiff's proof to the negligent supervision theory pursuant to the court's authority to issue an order in aid of the disposition of the action (CPLR 3212 [g]), particularly in the absence of any further submission by plaintiff to cure the omission in his opposition to defendants' prior summary judgment motion.

Cardona, P. J., White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.