■ DOLGOFF HOLOPHASE, INC., Appellant, v E. I. DU PONT DE NEMOURS & COMPANY et al., Respondents. [622 NYS2d 769] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated February 17, 1993, as, granted the motion of the defendants International Bank Note Company, Inc., American Bank Note Company, American Bank Note Holographics Company, Inc., and Eidetic Images, Inc., to dismiss as time-barred the amended complaint insofar as it is asserted against them, and (2) an order of the same court dated September 22, 1993, which (a) granted the motion of the defendant E. I. du Pont de Nemours and Company to dismiss the amended complaint insofar as it is asserted against it and (b) denied its cross motion for reargument of the prior order dated February 17, 1993, and for leave to serve a second amended complaint.

Ordered that the appeal from so much of the order dated September 22, 1993, as denied reargument is dismissed since no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 22, 1993, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated February 17, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

In September of 1982, the plaintiff and the defendant E. I. du Pont de Nemours and Company (hereinafter du Pont) entered into a nondisclosure agreement which provided that neither the plaintiff nor du Pont was permitted to disclose confidential information, which was defined as written information, identified in writing as confidential. The agreement was effective for a ten-year period following its acceptance by the parties.

The plaintiff commenced this action on or about March 31, 1992, alleging, *inter alia,* that du Pont had breached the nondisclosure agreement. The plaintiff claimed that the defendants had misappropriated a hologram-transfer process that it

had developed. The plaintiff alleged that the breach occurred either on November 8, 1982, when the defendants American Bank Note Corporation and American Bank Note Holographics Corporation (hereinafter American Bank Note) applied for a United States patent, or in 1984 when it learned that American Bank Note had produced a hologram for the cover of National Geographic.

A cause of action for damages for breach of a nondisclosure agreement accrues on the date that the protected information was disclosed, and it does not continuously accrue upon subsequent disclosures (see, Sachs v Cluett Peabody & Co., 265 App Div 497, 501-502; Sporn v MCA Records, 88 AD2d 857, affd 58 NY2d 482). Confidential information can only be disclosed to a person once before it is no longer confidential with regard to that person. The alleged breach in this case occurred, at the latest, in March of 1984 when the hologram appeared in National Geographic. Since this action was commenced in March of 1992, more than six years after the alleged breach occurred, the plaintiff's causes of action for damages for breach of the nondisclosure agreement are barred by the Statute of Limitations (see, CPLR 213 [2]).

The plaintiff's other causes of action alleging breach of a fiduciary duty, negligent disclosure, and misappropriation of an idea are also barred by the six-year Statute of Limitations (see, CPLR 213 [1]; Bey Constr. Co. v Yablonski, 76 AD2d 875, 876).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Miller, J. P., Thompson, Santucci and Joy, JJ., concur.