■ MARY HARGRAVE, as Administratrix of the Estate of CHESTER YOUNG, Deceased, Appellant, v FLOYD M. PRESHER, Re-

spondent. [632 NYS2d 886] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ellison, J.), entered August 3, 1994 in Chemung County, which denied plaintiff's motion for an order prohibiting defendant from testifying as to certain statements on the ground that they are barred by the Dead Man's Statute.

Plaintiff's decedent (age 51) drowned on July 8, 1989, when a canoe he was using capsized in defendant's pond. Plaintiff, as administratrix of decedent's estate, thereafter commenced this action alleging that defendant had been negligent in inviting decedent, who assertedly was unable to swim, to borrow his canoe and set out on the pond, without providing safety flotation devices, and in misrepresenting the depth of the pond to be only 4 to 5 feet when it was, in fact, substantially deeper.

After some discovery was had, plaintiff moved *in limine* for an order prohibiting defendant from testifying at trial, as he had in his deposition, that he had specifically informed decedent that the pond was "deep" and offered decedent a life jacket before the latter embarked in the canoe. Plaintiff contends that CPLR 4519, the "Dead Man's Statute", bars defendant from recounting his statements to the decedent. Defendant opposed the motion, arguing that if plaintiff "opens the door" by presenting evidence of the substance of his statements, equity dictates that he should be permitted to place his version of that conversation before the factfinder. Supreme Court agreed and denied the motion, prompting this appeal.

Although a pretrial order which limits the scope of the issues to be tried is appealable (*cf., Siewert v Loudonville Elementary School*, 210 AD2d 568), an order which merely determines the admissibility of evidence, "even when made in advance of trial on motion papers, constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (*Savarese v City of New York Hous. Auth.*, 172 AD2d 506, 509; *see, Hough v Hicks*, 160 AD2d 1114, 1117, *lv denied* 77 NY2d 802). Particularly where, as here, the actual effect of the ruling in question is contingent upon the state of the record when the material in question is offered into evidence at trial, appellate review should be deferred until after the trial, when the propriety of the challenged ruling can be assessed, not speculatively, but in the context of its application to a concrete factual controversy.

Accordingly, the instant appeal must be dismissed.

Crew III, Casey and Peters, JJ., concur.

Mikoll, J. P. (dissenting). I would affirm Supreme Court's order.

When a disposition rendered by Supreme Court prior to final judgment, including a disposition relating to procedure, is embodied in an order issued by Supreme Court, such order is independently appealable to the Appellate Division at the option of the aggrieved party (*see*, CPLR 5701 [a] [2] [v]). The motion must be made on notice to all parties and if the resulting order affects a substantial right of a party, the order is likely to be appealable.

This Court has routinely heard and decided appeals from orders of Supreme Court concerning motions *in limine* to limit the scope of evidence adduced at trial (*see*, *Siewert v Loudonville Elementary School*, 210 AD2d 568, *Loughran v Orange & Rockland Utils.*, 209 AD2d 917, 918; *Tucker v Mashomack Fish & Game Preserve Club*, 199 AD2d 957). The issue before us is analogous to those cases.

The order appealed here affects a substantial right of a party (*see*, CPLR 5701 [a] [2] [v]) and is therefore appealable.

Ordered that the appeal is dismissed, without costs.