■ PAULETTE BUGGIE, Respondent, v DERRICK CUTLER, Appellant. [636 NYS2d 357] —In an action to recover damages for

personal injuries resulting from assault and battery, the defendant appeals from a judgment of the Supreme Court, Queens County (Dye, J.), dated May 16, 1994, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $200,000 for compensatory damages and $650,000 for punitive damages.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof which awarded the plaintiff $650,000 for punitive damages and substituting therefor a provision severing the plaintiff's cause of action for punitive damages and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the verdict as to punitive damages from the sum of $650,000 to $400,000, and to the entry of an amended judgment in her favor; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment accordingly.

There is no merit to the defendant's contention that the plea of guilty he entered for attempting to murder the plaintiff does not render him liable for civil assault and battery. To prove civil assault and battery, the plaintiff need only show that the defendant intended to inflict personal injury on her without her consent, that the defendant took action to carry out that intent, and that he did in fact injure her (see, McDonald v McDonald, 193 AD2d 590, 591; 6 NY Jur 2d, Assault—Civil Aspects, §§ 3, 4). At his plea allocution in the criminal action, the defendant admitted that he had fired a shot from a handgun at the plaintiff, in an attempt to cause her death. The plea record demonstrates that the defendant's plea was knowing, intelligent, and voluntary. It is well established that a valid plea of guilty is equivalent to a conviction after trial. Because the defendant's intent to harm the plaintiff was established during his plea allocution, the defendant is precluded by the doctrine of collateral estoppel from relitigating this issue in the instant civil action (see, Merchants Mut. Ins. Co. v Arzillo, 98 AD2d 495, 501-504).

The defendant next contends that evidence of his wealth should not have been admitted prior to a determination of an award of compensatory damages (see, Varriale v Saratoga Har-

*ness Racing*, 76 AD2d 991, 992). We note at the outset that this issue is unpreserved for appellate review, as the defendant failed to raise a timely objection on this ground at a time when the presentation of this evidence to the jury by way of stipulation could have been deferred. In any event, the evidence of the defendant's wealth was properly admitted, because the defendant's criminal act of intentionally shooting the plaintiff warranted punitive damages (*see, Falcaro v Kessman*, 215 AD2d 432; *Laurie Marie M. v Jeffrey T. M.*, 159 AD2d 52, 58).

Finally, although we find the jury's award of compensatory damages to be reasonable, we consider the amount of punitive damages to be excessive, representing, as they do, the sum total of the funds awarded to the defendant from his own prior personal injury lawsuit (*see, O'Donnell v K-Mart Corp.*, 100 AD2d 488, 492). Because the jury's punitive damages award appears to have been motivated by passion (*see, Nardelli v Stamberg*, 44 NY2d 500, 503, citing 1 Clark, New York Law of Damages § 56, at 102), we deem it appropriate to reverse this excessive verdict, as a matter of discretion, and to order a new trial as to the plaintiff's cause of action for punitive damages unless the plaintiff agrees to accept the reduced amount of $400,000. Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.