■ John P. Brennan et al., Respondents, v Mabey's Moving & Storage, Inc., Appellant. (And Two Third-Party Actions.) [640 NYS2d 686] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Cobb, J.), entered December 27, 1994 in Greene County, which denied defendant's motion to limit the proof on the issue of damages.

On June 28, 1990, plaintiff John P. Brennan (hereinafter plaintiff) allegedly sustained physical injury to his arm and debilitating psychological sequelae, as a result of being pinned for approximately one hour by a motorized gate located on defendant's premises. Plaintiff assertedly began having nightmares and other symptoms of emotional distress several months after the accident. In March 1991, he was diagnosed as suffering from delayed onset posttraumatic stress disorder. He avers, in his supplemental bills of particulars, that his psychological problems increased significantly when he learned that a similar accident had occurred in June 1991, in which a 12-year-old girl, to whom he was not related, was trapped and fatally injured by the same gate. Defendant's motion *in limine* to preclude plaintiff from eliciting any proof of this aggravation of his injuries was denied, prompting this appeal.

The appeal must be dismissed, for no appeal lies from the grant or denial of a pretrial ruling on the admissibility of evidence (*see, Hargrave v Presher*, 221 AD2d 677, 678; *Hough v Hicks*, 160 AD2d 1114, 1117, *lv denied* 77 NY2d 802). Appellate review of such a ruling must be deferred until after trial when the relevance of the proffered evidence, and the effect of Supreme Court's ruling with respect thereto, can be assessed in the context of the record as a whole.

Mercure, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the appeal is dismissed, with costs.