■ ALFRED TRINKLE et al., Appellants, v RALPH J. CORDISCO et al., Respondents. [643 NYS2d 626]

The plaintiffs and the defendants, owners of adjoining parcels of property, each claimed, *inter alia,* title to a triangular strip of property over which the plaintiffs maintained a driveway to their home. The jury determined, *inter alia,* that the strip was owned by the defendants.

In an action to determine a boundary line, a plaintiff must locate the boundary with a fair degree of certainty (*see,* 1 Warren's Weed, New York Real Property, Boundaries, § 4.05 [1]; *cf., Sarfaty v Evangelist,* 142 AD2d 995). Here, the plaintiffs presented unrebutted expert testimony and documentary evidence that the triangular strip was within the boundary line of their property. We find that there was no valid line of reasoning or permissible inferences which could have led a rational jury to conclude that the triangular strip was within the property line of the defendants. The only conclusion to be drawn from the evidence is that the triangular strip was within the property line of the plaintiffs (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499; Siegel, NY Prac § 405, at 613-614 [2d ed]).

We note that the court did not improvidently exercise its discretion in granting the plaintiffs' application for leave to amend their pleadings to add a cause of action for title to the triangular strip (*see,* CPLR 3025 [b]).

The plaintiffs were not entitled to a charge on punitive damages because they failed to demonstrate that the defendants' conduct was " 'malicious, wanton, reckless, or in willful disregard for another's rights' " (*Prozeralik v Capital Cities Communications,* 82 NY2d 466, 479-480).

In light of our determination, we need not reach the plaintiffs' contention alleging a prescriptive easement.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration

in favor of the plaintiffs (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Miller, J. P., Ritter, Krausman and McGinity, JJ., concur.