■ MARGARET HAMMOND, Appellant, v GUSTIN L. REICHBACH, Respondent. [648 NYS2d 98] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about August 23, 1995, which granted defendant's motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.

Plaintiff, who sues her former attorney for "breach of fiduciary duty", argues that the applicable Statute of Limitations is the six-year period of CPLR 213 (8) and that it did not begin to run until she had discovered the alleged breach. That is simply not correct. If, as plaintiff claims, her cause of action accrued upon her discovery of the breach, then her period for commencing the action was either six years from the date of the breach or two years from the date she discovered the breach, or could with due diligence have discovered it, whichever is longer (CPLR 203 [g]). As the action was not commenced until more than six years after termination of the parties' attorney-client relationship, the latest possible time that the alleged breaches could have occurred, and more than two years after plaintiff admittedly discovered the alleged breaches, the action is time-barred. Nor is there anything in the record to support plaintiff's claim that defendant actively encouraged her to delay bringing suit and should be estopped from asserting the Statute of Limitations (*cf., Robinson v City of New*

*York*, 24 AD2d 260). Concur—Murphy, P. J., Rubin, Ross, and Williams, JJ.