■ MAY DINGER, as Executrix of AUGUST DINGER, SR., Appellant, v KLING AGENCY, INC., et al., Respondents. [654 NYS2d 415] —In an action, *inter alia,* to recover damages for fraud and breach of fiduciary obligations, the plaintiff appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated January 2, 1996, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The instant appeal arises from continuing litigation over the estate of the plaintiff's deceased husband (*see, e.g., Matter of Dinger,* 118 Misc 2d 781). The plaintiff alleges that the defendants, a real estate brokerage firm and its principal, committed certain acts to the detriment of the estate in regard to the sales of certain estate properties in 1983 and 1984.

The Supreme Court correctly dismissed the complaint as time-barred. The plaintiff admittedly discovered in 1989, during Federal litigation against her former attorney, John Gulino, that in 1984 the defendants had paid Gulino half of an $80,000 commission on the sale of a parcel of real property known as the Shoals. A Federal court ordered Gulino to return

that money to the estate in 1992 (*see, Dinger v Gulino,* US Dist Ct, ED NY, Aug. 13, 1992, Chrein, J. [No. CV 86 3951], *affd* 992 F2d 319). Therefore, since the instant action was commenced more than six years after the alleged fraud and more than two years after its discovery, it was properly dismissed as time-barred (CPLR 203 [g]; 213 [8]; *Ghandour v Shearson Lehman Bros.,* 213 AD2d 304). To the extent that the plaintiff now attempts to characterize these claims as alleging breaches of the defendants' fiduciary obligations based upon the identical conduct, they are likewise untimely (*see, Hammond v Reichbach,* 232 AD2d 254; *Blake v Blake,* 225 AD2d 337; *Dolgoff Holophase v E. I. duPont de Nemours & Co.,* 212 AD2d 661).

We note that to the extent that the plaintiff is once again attempting to recover $40,000, representing the defendants' share of the Shoals commission, the instant claims are barred by res judicata. In 1987 the plaintiff commenced an action in the Supreme Court, Richmond County, against the Kling Agency, Inc., a defendant herein, alleging numerous theories, including fraud, for the recovery of that commission. That action was dismissed in 1988 and no appeal was taken. The plaintiff may not relitigate claims arising from the same transaction, notwithstanding her attempts to allege new facts or theories of recovery (*see, Smith v Russell Sage Coll.,* 54 NY2d 185; *O'Brien v City of Syracuse,* 54 NY2d 353; *Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304; *see also, Lakeside Plaza v Impala Press,* 237 AD2d 334 [decided herewith]).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.