■ LAKESIDE PLAZA, INC., Respondent, v IMPALA PRESS et al., Appellants. [654 NYS2d 811] —In an action, *inter alia,* to recover damages for breach of a lease, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 14, 1995, which (1) granted the plaintiff's motion for partial summary judgment on the issue of the defendants' liability with respect to the first, second, third, and fifth causes of action in the complaint, and (2) denied the cross motion of the defendant Peter Wolf for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with costs.

Contrary to the defendants' contention, the defendant Peter Wolf was a named tenant on the subject lease, and as such he is liable to the plaintiff for the damages, if any, caused by the release of toxic chemicals into the ground of the leased premises. "When a tenant remains in possession after the expiration of a lease 'pursuant to common law, there is implied a continuance of the tenancy on the same terms and subject to the same covenants as those contained in the original instrument' " (*Lynch v Savarese,* 217 AD2d 648, 649, quoting *City of New York v Pennsylvania R. R. Co.,* 37 NY2d 298, 300; *see also,* Real Property Law § 232-c). Thus, the provisions in the written lease remained in force for as long as the defendants remained in possession (*see, City of New York v Pennsylvania R. R. Co., supra,* at 300).

The Supreme Court properly granted the plaintiff's motion for partial summary judgment on the issue of the defendants' liability. The prior criminal proceeding collaterally estopped the defendant Impala Press (hereinafter Impala) from challenging its liability in the instant action because there was an identity of issue and Impala had a full and fair opportunity to litigate the issues in the criminal action (*see, Hooks v Middlebrooks,* 99 AD2d 663; *see also, Buggie v Cutler,* 222 AD2d 640; *Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495). Moreover, while Wolf was not a party to the prior criminal proceeding, he controlled the conduct of that proceeding, in his representational capacity, so as to further his own interest, and therefore was also collaterally estopped from relitigating the issue of liability (*see, Green v Santa Fe Indus.,* 70 NY2d 244; *Tamily v General Contr. Corp.,* 210 AD2d 564; *Matter of Slocum v Joseph B.,* 183 AD2d 102). Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.