■ NORTHRIDGE LIMITED PARTNERSHIP, Respondent, v RONALD G. SPENCE et al., Appellants. [668 NYS2d 220] —In an action, *inter alia,* to recover damages for breach of fiduciary duty and fraud, the defendants Ronald G. Spence and Territorial Land Company, Inc., and the defendant Houlihan/Lawrence, Inc., separately appeal from (1) so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered September 30, 1996, as denied their separate motions to dismiss the action as time-barred, and (2) so much of an order of the same court, entered April 9, 1997, as denied their separate motions for renewal.

Ordered that the order entered September 30, 1996, is reversed insofar as appealed from, on the law, the motions are granted, and the complaint is dismissed; and it is further,

Ordered that the appeals from the order entered April 9, 1997, are dismissed as academic in light of the determination of the appeals from the order entered September 30, 1996; and it is further,

Ordered that the defendants appearing separately and filing separate briefs are awarded one bill of costs.

This action arose from the defendants' respective roles as real estate brokers with regard to the plaintiff's failed attempt to purchase a parcel of real property. The acts which form the basis of the plaintiff's claims occurred no later than February 26, 1987. The alleged misconduct first came to the plaintiff's attention in June 1988 when the estate of the property's owner brought a proceeding to void the contract of sale. When the plaintiff commenced this action in June 1994, the defendants made separate motions to dismiss the complaint, *inter alia,* on the ground that the action was untimely.

The Supreme Court erred in denying the defendants' mo-

tions. The causes of action to recover damages for breach of fiduciary duty and breach of contract were untimely (*see,* CPLR 213; *Dolgoff Holophase v E. I. du Pont de Nemours & Co.,* 212 AD2d 661). Because the action was brought more than six years after the alleged fraud and more than two years after the plaintiff possessed knowledge of facts from which the fraud could reasonably have been inferred, the fraud claim was untimely, as well (*see,* CPLR 213 [8]; 203 [g]; *Ghandour v Shearson Lehman Bros.,* 213 AD2d 304). Contrary to the conclusion of the Supreme Court, the plaintiff failed to establish that the defendants wrongfully induced it to refrain from commencing the action such that the defendants are equitably estopped from asserting the Statute of Limitations as a defense (*see, Simcuski v Saeli,* 44 NY2d 442; *Glachan v Archdiocese of N. Y.,* 229 AD2d 468; *Gleason v Spota,* 194 AD2d 764). Bracken, J. P., Copertino, Thompson and Luciano, JJ., concur.