■ AGNETA GILLIN, Appellant, v PATTERSON, BELKNAP, WEBB & TYLER et al., Respondents. [675 NYS2d 29] —Order, Supreme

Court, New York County (Edward Lehner, J.), entered on or about October 3, 1997, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's motion for leave to amend the complaint, unanimously affirmed, with costs.

Although plaintiff is not time-barred from seeking recovery of pecuniary losses resulting directly from a breach of the implied agreement that defendant attorneys, in the course of representing plaintiff in 1986 and 1987, would use due care (*see, Vogel v Lyman*, 246 AD2d 422), defendants are nonetheless entitled to summary judgment on this narrow claim because plaintiff did not set forth proof that she had incurred damages as a direct result of her attorney's conduct (*see, Logalbo v Plishkin, Rubano & Baum*, 163 AD2d 511, 514, *lv dismissed* 77 NY2d 940), or that she would have been successful in the underlying action had her attorney discharged her representational obligations in a reasonable manner (*see, Volpe v Canfield*, 237 AD2d 282, 283, *lv denied* 90 NY2d 802). The fraud causes of action, newly asserted in the proposed amended complaint, are time-barred, since, no later than 1988, plaintiff "possessed knowledge of facts from which the fraud could be reasonably inferred" (*Ghandour v Shearson Lehman Bros.*, 213 AD2d 304, 305-306, *lv denied* 86 NY2d 710). The remaining newly proposed causes of action are likewise time-barred (*see, Dinger v Kling Agency*, 237 AD2d 326, 327). In light of the foregoing, we need not pass upon the merits of defendants' remaining arguments for summary judgment or upon the merits of the proposed defendants' remaining attacks on the proposed pleadings against them. Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.