[675 NYS2d 457]

Joseph C. Strait, Jr., as Administrator of the Estate of Marilyn G. Strait, Deceased, Appellant-Respondent, v Arnot Ogden Medical Center et al., Defendants, and John A. Rurak, Respondent-Appellant.

Third Department, July 23, 1998

APPEARANCES OF COUNSEL

*Faraci & Lange,* Rochester (*Stephen G. Schwarz* of counsel), for appellant-respondent.
*Brown & Tarantino,* Buffalo (*Ann M. Campbell* of counsel), for respondent-appellant.

**OPINION OF THE COURT**

PETERS, J.

On May 27, 1992, plaintiff's decedent (hereinafter decedent), an obstetrical patient of defendant John A. Rurak, was admitted to the emergency room at defendant Arnot Ogden Medical Center (hereinafter Arnot) where she lost consciousness and fell into a coma. Decedent's child was delivered by Cesarean section and decedent died on May 28, 1992. Her demise was attributed to complications from preeclampsia. Approximately two years thereafter, the child was diagnosed with an inoperable brain tumor, such cause not attributed to any allegations ultimately raised herein.

This wrongful death action was commenced on May 20, 1994 against Rurak, Arnot and Frank Venuti, the physician who treated decedent in the emergency room. As relevant herein, it is alleged that Rurak was negligent in his treatment of decedent by his failure to have her admitted to the hospital on May 26, 1992 when the diagnosis was clear that she was suffering from severe preeclampsia.

On August 7, 1995, Rurak's medical license was revoked by the Department of Health (hereinafter the Department) as a result of a hearing convened, in which Rurak testified, to consider charges ranging from incompetence to gross negligence with regard to his treatment of eight patients, including decedent. The determination was later affirmed by the Department's Administrative Review Board for Professional Medical Conduct.

On March 4, 1997, Rurak filed a motion in limine seeking, *inter alia,* to preclude plaintiff from making any reference at trial to his license revocation or proffering the testimony he gave therein concerning his care and treatment of decedent. Rurak also sought to preclude plaintiff from calling him to testify as to what transpired at Arnot's Assurance Review Committee meeting, during which decedent's case was discussed, and from referring to Rurak's office charts regarding patients other than decedent. Finally, Rurak sought a determination as to whether the Dead Man's Statute (*see,* CPLR 4519) would

preclude testimony about the warnings Rurak allegedly gave to decedent during her last office visit and whether plaintiff would be precluded from making any reference to the medical condition of their infant son on the issue of damages. Plaintiff opposed this motion and cross-moved to preclude Rurak from offering testimony of two nurses who spoke with him prior to decedent's death.

Supreme Court precluded plaintiff from presenting evidence from the revocation hearing but permitted, for credibility purposes, the introduction of Rurak's testimony without identifying the source. It further precluded plaintiff from making any reference to the revocation of Rurak's license or from offering evidence as to the child's physical condition. Finally, the court determined that the Dead Man's Statute would not preclude Rurak's testimony regarding the conversations he had with decedent. Both plaintiff and Rurak appeal.

On June 25, 1997, Rurak filed a second motion in limine which sought to admit the testimony of Kathryn Fraboni, a nurse at Arnot who was on duty during the time that decedent was admitted. Fraboni purportedly overheard an unidentified individual declare that Rurak had told decedent, at the May 26, 1992 office visit, that she required hospitalization. Supreme Court denied that motion as well, prompting Rurak's appeal.

While it is axiomatic that a pretrial order which limits the legal theories of liability to be tried will constitute an appealable order (*see, Hargrave v Presher*, 221 AD2d 677, 678; *see e.g., Siewert v Loudonville Elementary School*, 210 AD2d 568), an order which merely limits the admissibility of evidence, " 'even when made in advance of trial on motion papers, constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission' " (*Hargrave v Presher, supra*, at 678, quoting *Savarese v City of N. Y. Hous. Auth.*, 172 AD2d 506, 509; *see, Cotgreave v Public Adm'r of Imperial County*, 91 AD2d 600). As the issues raised herein, including those seeking to limit the proof to be admitted on the issue of damages (*see, Brennan v Mabey's Moving & Stor.*, 226 AD2d 938; *Mauro v Village of Freeport*, 113 AD2d 876), solely address the admissibility of evidence in advance of trial, we must dismiss these appeals as premature. Appropriate review may only be attained after trial and "when the propriety of the challenged ruling can be assessed, not speculatively, but in the context of its application to a concrete factual controversy" (*Hargrave v Presher, supra*, at 678; *see, Brennan v Mabey's Moving & Stor., supra*).

Accordingly, the appeals are dismissed.

MIKOLL, J. P., MERCURE, CREW III and YESAWICH JR., JJ., concur.

Ordered that the cross appeals and appeal are dismissed, without costs.