■ DANNETTE MATTHEWS, Respondent-Appellant, v RONALD GARRETT, Appellant-Respondent. [756 NYS2d 469] —In an action, inter alia, to recover damages for assault, the defendant appeals from a judgment of the Supreme Court, Kings County (Huttner, J.), entered March 1, 2002, which, upon a jury verdict, is in favor of the plaintiff and against him on the cause of action to recover damages for assault in the principal sum of $25,000, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as, upon the denial of her motion, among other things, to conform the pleadings to the proof and her motion for a jury charge on the issue of punitive damages, failed to award damages for battery or punitive damages.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, a dental hygienist, and the defendant, a dentist, were coworkers in a hospital dental clinic. They maintained a generally cordial, professional relationship until, after meeting for a social occasion, the defendant began to make sexually suggestive comments and subjected the plaintiff to unwanted verbal attention and physical touching. After complaints to their employer, the parties were separated and further incidents were prevented. Nevertheless, the plaintiff commenced this action, inter alia, to recover damages for assault. The jury awarded the plaintiff damages in the principal sum of $25,000.

Contrary to the defendant's contentions, the Supreme Court did not commit reversible error in permitting questioning and receiving testimony about the defendant's use of the name of a woman with whom he had allegedly had a prior sexual relationship in dental school, as a metaphor for a sexual act. This testimony was relevant to, and corroborated the plaintiff's version of the facts.

Furthermore, the Supreme Court correctly denied the plaintiff's request for a jury charge on the issue of punitive damages. Punitive damages may be awarded in an action to recover damages for assault (*see Buggie v Cutler,* 222 AD2d 640 [1995]; *Falcaro v Kessman,* 215 AD2d 432 [1995]). However, the defendant's conduct herein did not rise to the requisite level to warrant the imposition of punitive damages (*see Rocanova v Equitable Life Assur. Socy. of U.S.,* 83 NY2d 603 [1994]). Accordingly, no jury charge was warranted on that issue (*see Trinkle v Cordisco,* 228 AD2d 433 [1996]).

The parties' remaining contentions are without merit or do not warrant relief. S. Miller, J.P., Goldstein, Adams and Rivera, JJ., concur.