■ GEORGE C. MILLER BRICK CO., INC., Appellant-Respondent, v STARK CERAMICS, INC., Respondent-Appellant, et al., Defendant. [770 NYS2d 235]—

Appeal and cross appeal from those parts of an order of Supreme Court, Monroe County (Stander, J.), entered May 29, 2002, that denied that part of the motion of defendant Stark Ceramics, Inc. seeking to preclude plaintiff from presenting evidence at trial of minimum resale price fixing and bid rigging, determined that plaintiff's claim is for a per se violation of the Donnelly Act, and granted those parts of the motion of defendant Stark Ceramics, Inc. seeking to bifurcate the trial and to preclude plaintiff from presenting evidence of its termination as a distributor of the products of defendant Stark Ceramics, Inc. during the liability phase of the trial.

It is hereby ordered that said appeal from that part of the order granting that part of the motion of defendant Stark Ceramics, Inc. seeking to preclude plaintiff from presenting evidence of its termination as a distributor of the products of defendant Stark Ceramics, Inc. during the liability phase of the trial be and the same hereby is unanimously dismissed and the order is affirmed without costs.

Memorandum: Plaintiff commenced this action against Stark Ceramics, Inc. (defendant) pursuant to the Donnelly Antitrust Act ([Donnelly Act] General Business Law § 340 *et seq.*) alleging that it sustained damages as a result of defendant's unlawful restraint of trade. As relevant on appeal, Supreme Court granted those parts of defendant's motion seeking to bifurcate the trial and to preclude plaintiff from presenting evidence of its termination as a distributor of defendant's products during the liability phase of the trial. The court denied that part of defendant's motion seeking the denial of plaintiff's request for a jury instruction that the "per se violation" standard applies to the alleged violation of the Donnelly Act, rather than the "rule of reason" standard.

Plaintiff contends on its appeal that the court erred in precluding it from presenting evidence of its termination during the liability phase of the trial. "[I]t is axiomatic that a pretrial order which limits the legal theories of liability to be tried will constitute an appealable order . . . [but] an order which merely limits the admissibility of evidence, even when made in advance of trial on motion papers, constitutes, at best, an advisory

opinion which is neither appealable as of right nor by permission" (*Strait v Arnot Ogden Med. Ctr.,* 246 AD2d 12, 14 [1998] [internal quotation marks omitted]; *see Weatherbee Constr. Corp. v Miele,* 270 AD2d 182, 183 [2000]; *cf. Brown v State of New York,* 250 AD2d 314, 320-321 [1998]). Here, the court merely limited the admissibility of evidence when it precluded plaintiff from presenting evidence of its termination during the liability phase of the trial and thus that part of the order is not appealable. We note that plaintiff failed to brief the issue whether the court properly bifurcated the trial and thus has abandoned that issue on appeal (*see Ciesinski v Town of Aurora,* 202 AD2d 984 [1994]).

We reject the contention of defendant on its cross appeal that the court erred in determining that the per se standard, rather than the rule of reason standard, applies in this case. Plaintiff has limited its theory of liability to a violation of the Donnelly Act based on bid rigging and price fixing. Although courts generally should apply the rule of reason standard in antitrust cases (*see Business Elecs. Corp. v Sharp Elecs. Corp.,* 485 US 717, 723 [1988]; *People v Rattenni,* 81 NY2d 166, 171-172 [1993]), the per se standard is properly applied where, as here, price fixing is alleged (*see Business Elecs. Corp.,* 485 US at 723, 735-736; *Monsanto Co. v Spray-Rite Serv. Corp.,* 465 US 752, 761 [1984], *reh denied* 466 US 994 [1984]; *Rattenni,* 81 NY2d at 171-172). Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.