■ Rocco Mancini et al., Respondents, v Hardscrabble Commons Associates et al., Appellants. (Action No. 1.) Joseph G. Scali et al., Appellants, v Rocco Mancini et al., Respondents. (Action No. 2.) [820 NYS2d 284]—In an action, inter alia, for a judgment declaring that Hardscrabble Commons Associates dissolved on April 8, 1996 (Action No. 1), and a related action, inter alia, to recover damages for breach of fiduciary duty (Action No. 2), the defendants in Action No. 1 and the plaintiffs in Action No. 2 appeal from a judgment of the Supreme Court,

Dutchess County (Sproat, J.), entered September 15, 2003, which, inter alia, upon an order of the same court dated August 1, 2003, granting those branches of the motion of Rocco Mancini and Ann Mancini, the plaintiffs in Action No. 1 and the defendants in Action No. 2, which were for summary judgment on the fourth and fifth causes of action in Action No. 1 and for summary judgment dismissing the complaint in Action No. 2, and denying those branches of their cross motion which were for summary judgment dismissing the fourth and fifth causes of action in Action No. 1 and the third and fourth affirmative defenses in Action No. 2, declared that Hardscrabble Commons Associates dissolved on April 8, 1996, and dismissed the complaint in Action No. 2.

Ordered that the judgment is reversed, on the law, with costs, those branches of the motion which were for summary judgment on the fourth and fifth causes of action in Action No.1 and for summary judgment dismissing the complaint in Action No. 2 are denied, those branches of the cross motion which were for summary judgment dismissing the fourth and fifth causes of action in Action No. 1 and the third and fourth affirmative defenses to the complaint in Action No. 2 are granted, the complaint in Action No. 2 is reinstated, the fourth and fifth causes of action in Action No. 1 are dismissed, the third and fourth affirmative defenses asserted in Action No. 2 are dismissed, and the order is modified accordingly.

In response to the appellants' prima facie showing of entitlement to judgment as a matter of law, the respondents failed to raise a triable issue of fact on the issue of whether the fourth and fifth causes of action in Action No. 1, and the third and fourth affirmative defenses to the complaint in Action No. 2, are barred by the doctrine of res judicata (*see Matter of Hodes v Axelrod,* 70 NY2d 364 [1987]; *Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481, 485 [1979]). Res judicata precludes all claims which could have or should have been litigated in prior proceedings (*see Fogel v Oelmann,* 7 AD3d 485 [2004]; *CRK Contr. of Suffolk v Brown & Assoc.,* 260 AD2d 530 [1999]; *Coliseum Towers Assoc. v County of Nassau,* 217 AD2d 387 [1996]).

In response to the respondents' prima facie showing of entitlement to judgment as a matter of law that the breach of fiduciary duty claims in Action No. 2 are barred by the statute of limitations, the appellants raised triable issues of fact as to whether some of the conduct complained of occurred within six years of the commencement of that action (*see* CPLR 213; *Northridge Ltd. Partnership v Spence,* 246 AD2d 582 [1998]).

The parties' remaining contentions need not be addressed in light of our determination.

Motion by the respondents to dismiss an appeal from a judgment of the Supreme Court, Dutchess County, entered September 15, 2003, on the ground that it has been rendered academic or, alternatively, to strike Point III of the appellants' reply brief on the ground that it raises an issue not raised in the appellants' main brief. By decision and order on motion of this Court dated February 7, 2006, the motion was referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied.

The appellant's request, contained in its opposition papers, for leave to serve and file a supplemental appendix, has not been considered as no cross motion was made for that relief (*see* 22 NYCRR 670.5; CPLR 8022 [6]). Prudenti, P.J., Adams, Rivera and Lifson, JJ., concur.