■ TERRY L. BRINDLE et al., Respondents, v SUSAN K. SONI et al., Appellants, et al., Defendants. [836 NYS2d 744]—

Peters, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered July 14, 2006 in Fulton County, which, inter alia, denied the motion of defendants Susan K. Soni and Women's Health Care Associates, P.C. to preclude plaintiffs from admitting certain opinion testimony.

Plaintiff Terry L. Brindle (hereinafter plaintiff), a patient of defendant Susan K. Soni, a gynecologist, was diagnosed with breast cancer in May 1999. After surgery, radiation and chemotherapy, she continued treatments with Soni and defendant Elizabeth Valentine, an oncologist. In 2002, plaintiff's menstrual complaints to Soni led to an ultrasound which revealed a cyst on plaintiff's left ovary that was biopsied and found to be negative for cancer. Plaintiff informed Valentine about the cyst at her next follow-up visit and Valentine took no further action. Plaintiff continued her care with both Soni and Valentine. With no further complaints or irregular examinations, plaintiff's cancer was believed to be in remission until November 2003, when plaintiff complained to Valentine that she had abdominal discomfort radiating down her leg. Valentine's examination led to a CT-scan and a later diagnosis of stage III ovarian cancer.

Plaintiff and her husband, derivatively, commenced this action alleging, among other things, that Soni and Valentine were negligent in failing to timely diagnose and treat her ovarian cancer. After Soni and defendant Women's Health Care Associates, P.C. (hereinafter collectively referred to as defendants) unsuccessfully moved for summary judgment, plaintiffs filed a supplemental response to defendants' discovery demands which sought to admit the affirmation of Howard Cohn, an obstetrician and gynecologist. Cohn opined that if defendants had monitored plaintiff's original cyst or performed another ultrasound sooner, the cancer would have been diagnosed and treated earlier. Defendants filed a motion in limine requesting that Cohn's testimony be precluded at trial or, in the alternative, that a *Frye* hearing be conducted. Supreme Court denied defendants' motion and this appeal ensued.

This appeal must be dismissed since "an order which merely determines the admissibility of evidence, 'even when made in advance of trial on motion papers, constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission' " (*Ferrara v Kearney*, 285 AD2d 890, 890 [2001], quoting *Hargrave v Presher*, 221 AD2d 677, 678 [1995]; *see Vaughan v Saint Francis Hosp.*, 29 AD3d 1133, 1135 [2006]; *Strait v Ogden Med. Ctr.*, 246 AD2d 12, 14 [1998]). While an order that limits the scope of the issues to be tried may be appealable (*see Vaughan v Saint Francis Hosp., supra* at 1135), the controversy here solely addresses the admissibility of evidence in advance of trial. Accordingly, a review of this ruling must await the conclusion of a trial so that "the relevance of the proffered evidence, and the effect of Supreme Court's ruling with respect thereto, can be assessed in the context of the record as a whole" (*Brennan v Mabey's Moving & Stor.*, 226 AD2d 938, 938 [1996]).

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the appeal is dismissed, with costs.