■ In the Matter of PCK Development Company, LLC, Respondent, v Assessor of Town of Ulster et al., Appellants, et al., Respondent. (And Two Other Related Proceedings.) [839 NYS2d 700]— Mugglin, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered October 17, 2006 in Ulster County, which, in three proceedings pursuant to RPTL article 7,

denied certain respondents' motion for partial summary judgment.

Petitioner, the owner of the Hudson Valley Mall in the Town of Ulster, Ulster County, commenced three proceedings to challenge the assessment by respondents Assessor of the Town of Ulster and the Town (hereinafter collectively referred to as respondents) of this property for the tax years 2003-2004, 2004-2005 and 2005-2006. Respondents sought partial summary judgment declaring that the cost approach analysis for determining the value of this property was inappropriate and that Supreme Court issue an order barring petitioner from using this method in its appraisal. Supreme Court denied the motion and respondents appeal.

An analysis of respondents' motion, despite their having labeled it one for partial summary judgment, reveals that they sought an evidentiary ruling, in advance of trial, excluding the introduction of anticipated inadmissible evidence, a classic motion in limine (*see State of New York v Metz*, 241 AD2d 192, 198 [1998]; *Passino v DeRosa*, 199 AD2d 1017, 1017 [1993]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v L.E. Myers Co. Group*, 937 F Supp 276, 283 [SD NY 1996]). No appeal lies from this evidentiary ruling (*see Vaughan v Saint Francis Hosp.*, 29 AD3d 1133, 1135 [2006]; *Ferrara v Kearney*, 285 AD2d 890, 890 [2001]). Appellate review is properly deferred until after the trial (*see Ferrara v Kearney, supra* at 890; *Brennan v Mabey's Moving & Stor.*, 226 AD2d 938, 938 [1996]; *Hargrave v Presher*, 221 AD2d 677, 678 [1995]).

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, without costs.