◼ CHERI ANN DRECHSEL, Respondent, v GEORGE M. NARBY, M.D., Appellant. [873 NYS2d 408]—

Appeal from an amended order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered October 3, 2007 in a medical malpractice action. The amended order, insofar as appealed from, granted those parts of plaintiff's motion seeking to revoke speaking authorizations and to preclude ex parte interviews and seeking the admission of certain hospital records and denied defendant's cross motion.

It is hereby ordered that said appeal from the amended order insofar as it concerned the admissibility of evidence at trial is unanimously dismissed and the amended order is modified on

the law by denying those parts of the motion seeking to revoke speaking authorizations and to preclude ex parte interviews and as modified the amended order is affirmed without costs.

Memorandum: Defendant appeals from an amended order insofar as it granted those parts of plaintiff's motion seeking to revoke all speaking authorizations previously provided to defendant, to preclude defendant and his attorneys from engaging in ex parte interviews with plaintiff's treating physicians, and to determine that certain hospital records are self-authenticating and admissible at trial. Defendant also appeals from the amended order insofar as it denied that part of defendant's cross motion seeking to direct plaintiff and her attorney to discontinue "their campaign to discourage" plaintiff's consulting neurologist from testifying at trial, and conditionally denied that part of defendant's cross motion seeking to preclude plaintiff's primary care physician from testifying at trial.

At the time it determined the motion and cross motion, the court properly granted those parts of plaintiff's motion seeking to revoke the speaking authorizations previously provided to defendant and to preclude ex parte interviews between defendant and his attorneys and plaintiff's treating physicians based on the decision of this Court in *Kish v Graham* (40 AD3d 118, 124 [2007]). The decision of this Court in *Kish*, however, subsequently was reversed by the Court of Appeals following the issuance of the court's decision and during the pendency of the appeal (*Kish v Graham*, 9 NY3d 393 [2007]). Thus, those parts of plaintiff's motion seeking to revoke the speaking authorizations previously provided to defendant and to preclude defendant from engaging in ex parte interviews with plaintiff's treating physicians must be denied, and we modify the amended order accordingly.

The appeal by defendant with respect to that part of his cross motion seeking to preclude plaintiff's primary care physician from testifying at trial and with respect to that part of plaintiff's motion seeking to admit certain hospital records in evidence at trial must be dismissed. Those parts of the amended order address only pretrial rulings concerning " 'the admissibility of evidence, [and thus] constitute[ ], at best, an advisory opinion which is neither appealable as of right nor by permission' " (*Miller Brick Co. v Stark Ceramics*, 2 AD3d 1341, 1342-1343 [2003]; *see Mayes v Zawolik*, 55 AD3d 1386 [2008]).

We have considered defendant's remaining contention and conclude that it is lacking in merit. Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.