█ ARMAND BOZZETTI et al., Appellants, v HORST POHLMANN et al., Respondents. [941 NYS2d 532]—

Peters, J.P. Appeal from an order of the Supreme Court (Lalor, J.), entered December 22, 2010 in Greene County, which, among other things, granted defendants' motion to preclude certain expert testimony.

This RPAPL article 15 action was commenced to resolve a boundary line dispute between plaintiffs and defendants, who own neighboring parcels of land in the Town of New Baltimore, Greene County. In October 2010, defendants filed a motion in limine to preclude the testimony of plaintiffs' surveyor regarding the location of one of the boundary lines in dispute on the ground that the surveyor's opinion lacked a factual foundation. Plaintiffs cross-moved to preclude defendants' surveyor from testifying on that same basis. Supreme Court granted defendants' motion and denied plaintiffs' cross motion, prompting this appeal by plaintiffs.

The appeal must be dismissed. "[A]n order which merely determines the admissibility of evidence, even when made in advance of trial on motion papers, constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (*Ferrara v Kearney*, 285 AD3d 890, 890 [2001] [internal quotation marks and citations omitted]; *accord Brindle v Soni*, 41 AD3d 938, 939 [2007]; *see Strait v Ogden Med. Ctr.*, 246 AD2d 12, 14 [1998]). While a pretrial order that limits the scope of the issues to be tried is appealable (*see Brindle v Soni*, 41 AD3d at 939; *Vaughan v Saint Francis Hosp.*, 29 AD3d 1133, 1135 [2006]), the order here addresses only the admissibility of evidence in advance of trial (*compare Jackson v Nutmeg Tech., Inc.*, 43 AD3d 599, 600 n [2007]; *Vaughan v Saint Francis Hosp.*, 29 AD3d at 1135; *Rondout Elec. v Dover Union Free School Dist.*, 304 AD2d 808, 810-811 [2003]). Accordingly, appellate review of Supreme Court's ruling must be deferred until after trial so that " 'the relevance of the proffered evidence, and the effect of Supreme Court's ruling with respect thereto, can be assessed in the context of the record as a whole' " (*Brindle v Soni*, 41 AD3d at 939, quoting *Brennan v Mabey's Moving & Stor.*, 226 AD2d 938 [1996]; *see Matter of PCK Dev. Co., LLC v Assessor of Town of Ulster*, 43 AD3d 539, 540 [2007]; *Strait v Ogden Med. Ctr.*, 246 AD2d at 14).

Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the appeal is dismissed, with costs.