Stein, J.
Appeal from an order of the Supreme Court (Rumsey, *1427 J.), entered March 23, 2011 in Chenango County, which partially denied a motion by defendant Town of Greene to preclude certain evidence.
In June 2003, plaintiff Kurtis R. Madden (hereinafter plaintiff) was seriously injured in a motor vehicle accident while driving with a friend on Hotchkiss Road in the Town of Greene, Chenango County. While plaintiff has no memory of the accident, his passenger testified at a General Municipal Law § 50-h hearing that plaintiff lost control of the vehicle while reacting to an oncoming dump truck that appeared to be in plaintiff s lane of travel. The vehicle driven by plaintiff went off the road in the vicinity of a culvert and ultimately came to rest on its roof. In September 2004, plaintiffs commenced this action against the owner and driver of the dump truck and defendant Town of Greene (hereinafter defendant).
Plaintiffs allege, among other things, that defendant failed to install adequate guide rails or barriers to protect against the particular hazards of the roadway. The issue on this appeal centers around defendant’s motion in limine to preclude plaintiffs from presenting certain evidence relating to defendant’s maintenance of the guide rail by the culvert near the site of the accident. As relevant here, Supreme Court denied defendant’s motion with respect to photographs of the guide rail, evidence referring to related highway design standards and evidence regarding the lack of warning signs in the area of the accident.* Defendant now appeals.
We now dismiss defendant’s appeal as premature. Contrary to defendant’s contention, the order appealed from does not “limit[ ] the legal theories of liability to be tried” (Strait v Ogden Med. Ctr., 246 AD2d 12, 14 [1998]), nor does it appear to be “ ‘the functional equivalent of a motion for partial summary judgment dismissing the complaint’ ” (Scalp & Blade v Advest, Inc., 309 AD2d 219, 224 [2003], quoting Rondout Elec. v Dover Union Free School Dist., 304 AD2d 808, 810 [2003]; accord Franklin Corp. v Prahler, 91 AD3d 49, 54 [2011]). Defendant’s argument that the evidence sought to be precluded pertained to claims that are allegedly time barred was first raised in defendant’s reply affidavit with respect to the motion in limine and, thus, was not properly before Supreme Court (see Willette v Wil *1428 lette, 53 AD3d 753, 755 [2008]; Luft v Luft, 52 AD3d 479, 480 [2008]; see also Yechieli v Glissen Chem. Co., Inc., 40 AD3d 988, 989 [2007]). Plaintiffs correctly acknowledge that, to the extent Supreme Court addressed such argument (in a footnote in its decision), the court’s comments do not constitute law of the case. Accordingly, insofar as this appeal is from an order limiting the admissibility of evidence, the order “constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission” (Strait v Ogden Med. Ctr., 246 AD2d at 14 [internal quotation marks and citations omitted]; accord Vaughan v Saint Francis Hosp., 29 AD3d 1133, 1135 [2006]; compare Scalp & Blade v Advest, Inc., 309 AD2d at 223-224).
Mercure, J.E, Spain and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, with costs.

 As a result of previous cross motions by the parties, plaintiffs’ claims of negligent maintenance and repair of the guide rail were dismissed on the basis that plaintiffs had not complied with defendant’s prior written notice requirement (see Local Law No. 1 [1974] of Town of Greene), but plaintiffs’ claims based on negligent design and construction were not dismissed. That decision was affirmed by this Court (64 AD3d 1117, 1119 [2009]).