# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**134**
**CA 15-00082**
PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

WILLIAM HOTALING, PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

DELONE CARTER, DEFENDANT-RESPONDENT.

---

SIDNEY P. COMINSKY TRIAL LAWYERS, LLC, SYRACUSE (JENNIFER CAGGIANO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (James P. Murphy, J.), entered March 17, 2014. The judgment, among other things, awarded plaintiff the sum of $43,688.14 as against defendant.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying defendant's motion and reinstating the claim for punitive damages, and the matter is remitted to Supreme Court, Onondaga County, for a new trial on the issue of punitive damages only, and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained as a result of being assaulted by defendant while both were students at Syracuse University. Prior to trial, Supreme Court granted plaintiff's motion for summary judgment on the issue of liability with respect to the assault cause of action and granted defendant's motion to strike plaintiff's claim for punitive damages. The jury awarded plaintiff $40,000 for past pain and suffering and made no award for future pain and suffering. Plaintiff moved to set aside the verdict on the ground that, inter alia, it was inadequate in all respects. The court denied the motion and entered judgment against defendant in the sum of $43,688.14. Plaintiff now appeals.

Contrary to plaintiff's contention, the court did not abuse its discretion in precluding a campus security officer from narrating during his testimony a video surveillance recording of the incident. Notably, the security officer did not witness the incident (*cf. People v Boyd*, 97 AD3d 898, 899, *lv denied* 20 NY3d 1009). Although under certain circumstances a witness may be permitted to give opinion testimony concerning particular persons, places, or things depicted in a properly authenticated surveillance video (*see People v Russell*, 79 NY2d 1024, 1025; *People v Ray*, 100 AD3d 933, 933, *lv denied* 20 NY3d 1103), we reject plaintiff's contention that the court should have

permitted the security officer to provide the jury with an open-ended narration or explanation of the events depicted in the video.

We reject plaintiff's further contention that the award of $40,000 for past pain and suffering "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]).  Defendant submitted at trial abundant medical evidence establishing that plaintiff exaggerated his injuries and had promptly and fully recovered from them.  Thus, we conclude that the award of $40,000 for past pain and suffering did not deviate materially from what would be reasonable compensation (*see generally Minscher v McIntyre*, 277 AD2d 435, 436, *lv denied* 96 NY2d 717).  Contrary to plaintiff's further contention, the court properly denied that part of his motion seeking to set aside the verdict with respect to the award of damages for future pain and suffering.  The jury's decision not to award damages for future pain and suffering "was based upon a fair interpretation of the evidence . . . , with consideration given to the credibility of the witnesses and the drawing of reasonable inferences therefrom," and we discern no basis in the record to disturb the jury's resolution of credibility issues against plaintiff (*Raso v Jamdar*, 126 AD3d 776, 777; *see Abdelkader v Shahine*, 66 AD3d 615, 616-617).

We agree with plaintiff, however, that the court erred in granting defendant's motion to strike his claim for punitive damages. It is well settled that punitive damages may be awarded in an action to recover damages for assault (*see Matthews v Garrett*, 303 AD2d 563, 563; *Buggie v Cutler*, 222 AD2d 640, 642, *lv denied* 88 NY2d 807; *Falcaro v Kessman*, 215 AD2d 432, 432-433).  Here, we conclude that defendant's plea allocution and conviction of harassment in the second degree (Penal Law § 240.26), which arose out of the same events alleged in this action, were sufficient to raise a jury question on the issue of punitive damages.  We therefore modify the judgment by denying defendant's motion and reinstating the claim for punitive damages, and we remit the matter to Supreme Court for a trial on that claim.

We have considered plaintiff's remaining contentions and conclude that they are without merit when viewed in the context of the compensatory damages trial.  In light of our determination, we decline to prospectively address the admissibility of evidence with respect to punitive damages inasmuch as appropriate review may be conducted only after the trial on remittal and "when the propriety of the challenged ruling[s] can be assessed, not speculatively, but in the context of [their] application to a concrete factual controversy" (*Hargrave v Presher*, 221 AD2d 677, 678; *see also Strait v Ogden Med. Ctr.*, 246 AD2d 12, 14).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court