Cai v Miserendino (2023 NY Slip Op 03117)

Cai v Miserendino

2023 NY Slip Op 03117

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

273 CA 22-00036

[*1]JOHN J. CAI AND JOHN J. CAI, MD PLLC, PLAINTIFFS-RESPONDENTS,
v
JOY E. MISERENDINO AND THE JOY E. MISERENDINO LAW FIRM, PC, DEFENDANTS-APPELLANTS. MERCY HOSPITAL OF BUFFALO AND CATHOLIC HEALTH SYSTEM, INC., NONPARTY-RESPONDENTS. 

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, SARATOGA SPRINGS (PHILLIP A. OSWALD OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
DUKE, HOLZMAN, PHOTIADIS & GRESENS, LLP, BUFFALO (STEVEN W. KLUTKOWSKI OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 
STILLWELL VISCO, BUFFALO (DAVID M. STILLWELL OF COUNSEL), FOR NONPARTY-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered December 1, 2021. The order determined that certain documents are not discoverable. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action alleging, inter alia, breach of oral contract, quantum meruit, promissory estoppel, and unjust enrichment arising out of defendants' alleged failure to compensate plaintiffs for medical consulting services provided in connection with defendants' law practice during a time when plaintiff John J. Cai, a cardiologist, and defendant Joy E. Miserendino, an attorney, were in a romantic relationship. Plaintiffs also alleged that defendants induced plaintiffs to terminate their affiliation with Catholic Health System, Inc. and Mercy Hospital of Buffalo (collectively, nonparties) and resign Cai's medical staff privileges with the nonparties, resulting in his loss of income.
During discovery, defendants moved, inter alia, to compel plaintiffs and the nonparties to produce records from the nonparties "relating to the suspension, revocation, and/or resignation of Cai's rights or privileges . . . for the period from December 2014 through November 2015" under the theory that those documents would demonstrate that Cai terminated his working relationship with the nonparties for reasons unrelated to his relationship with Miserendino, or any representations made by her. The nonparties and plaintiffs opposed the motion on the ground that the records consist of Cai's medical staff credentialing and privileges information and are protected from disclosure pursuant to Education Law § 6527 (3) and Public Health Law § 2805-m (2).
Supreme Court issued an order on the motion directing the production of, inter alia, "any contract or agreement between [p]laintiffs and [the nonparties] effective between the dates of December of 2014 through November of 2015" and "any document solely relating to the resignation of [plaintiffs'] rights or privileges . . . with [the nonparties]" during the same time period. In response, the nonparties disclosed certain documents and submitted additional documents to the court for an in camera review. Following its in camera review of those additional documents alleged to be privileged, the court issued an order determining that the additional documents are privileged and therefore not discoverable and not subject to disclosure [*2]pursuant to Education Law § 6527 and Public Health Law § 2805-m. Defendants now appeal from that order, and we affirm.
Defendants contend that the privilege found in Education Law
§ 6527 (3) and Public Health Law § 2805-m (2) is inapplicable because plaintiffs' action is for breach of contract and not for any tort arising out of Cai's and the nonparties' care for and treatment of patients. We reject that contention. "It is evident from the plain language of the statutes that the privilege extends to all civil causes of action, not just medical malpractice [or other tort] claims" (DiCostanzo v Schwed, 146 AD3d 1044, 1046 [3d Dept 2017]; see Crea v Newfane Inter-Community Mem. Hosp., 224 AD2d 976, 977 [4th Dept 1996]). Moreover, the records sought by defendants "fall squarely within the materials that are made confidential by Education Law
§ 6527 (3) and article 28 of the Public Health Law" (Logue v Velez, 92 NY2d 13, 18 [1998]; see Crea, 224 AD2d at 977). The records in question are thus not subject to disclosure.
Defendants further contend that, if the records in question are not subject to disclosure, plaintiffs should be precluded from presenting "any evidence relating to the resignation, termination, and/or loss of [Cai's] rights or privileges with [the nonparties]." That contention is not properly before us. The court did not rule on defendants' request for preclusion of such evidence, which is thus deemed denied (see generally Sochan v Mueller, 162 AD3d 1621, 1622 [4th Dept 2018]), and that denial is not appealable inasmuch as it constitutes a pretrial ruling on the admissibility of evidence (see Sykes v Roth, 101 AD3d 1673, 1674 [4th Dept 2012]; Drechsel v Narby, 59 AD3d 1095, 1096 [4th Dept 2009]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court