■ JOHN A. MARSHALL, III, et al., Respondents, v 130 NORTH BEDFORD ROAD MOUNT KISCO CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. VILLAGE OF MOUNT KISCO, Third-Party Defendant-Respondent. [717 NYS2d 227] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Colabella, J.), entered June 25, 1999, as, after a nonjury trial and a finding that they were 80% at fault in the happening of the accident and that the third-party defendant Village of Mount Kisco was 20% at fault, and upon the parties' stipulation on the issue of damages, is in favor of the plaintiffs and against them in the principal sum of $900,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that the defendants' motion in limine was, in effect, an untimely motion for summary judgment and, therefore, was properly denied (*see, Downtown Art Co. v Zimmerman,* 232 AD2d 270).

The defendants further contend that the Supreme Court should not have allowed the plaintiffs' expert witness to testify because the expert disclosure form was untimely and inadequate. However, the form was adequate. Moreover, the untimely death of the expert the plaintiffs originally intended to call provided good cause for the late submission of the form (*see,* CPLR 3101 [d]). The Supreme Court properly allowed the expert to testify about violations of a section of the building code which was not specified in the complaint, and properly allowed the plaintiffs to amend the pleadings to conform to the proof, since that testimony did not surprise the defendants (*see, Weisberg v My Mill Holding Corp.,* 205 AD2d 756, 757).

The defendants' remaining contentions are without merit. Ritter, J. P., Altman, H. Miller and Smith, JJ., concur.