■ ROBERT WILKINSON, Appellant, v BRITISH AIRWAYS, Defendant, and AVIATIONS SAFEGUARDS, Respondent. [740 NYS2d 294]

—Judgment, Supreme Court, New York County (Jose Padilla, J.), entered November 26, 2001, which, upon order, same court and Justice, entered October 4, 2001, granted defendant's motion in limine to preclude from evidence certain videotaped deposition testimony and, upon plaintiff's concession that he could not make out a prima facie case without the precluded testimony, dismissed the complaint, unanimously reversed, on the facts and in the exercise of discretion, without costs, the motion to dismiss denied and the complaint reinstated on condition that: (a) the depositions of plaintiff's medical witness shall be properly conducted, within 60 days from the service of a copy of this order with notice of entry, at the personal expense of plaintiff's counsel; and (b) plaintiff's counsel also pay a sum as reimbursement for expenses caused by the conduct of plaintiff's counsel to include airfare, one night hotel accommodations and $1,000 for other expenses attendant upon the trip; and all such expenses shall not be chargeable to the client, but payable by plaintiff's counsel personally. Appeal from order, same court and Justice, entered October 4, 2001, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.

In this action to recover, inter alia, damages for personal injuries, plaintiff, a citizen of the United Kingdom, alleges in his complaint that on September 24, 1999, he was pushed through a security device adjacent to a checkpoint at the British Airways terminal in Kennedy Airport, thereby exacerbating an underlying neurological condition.

On the eve of trial, the court granted defendant Aviations Safeguards' oral motion in limine to preclude the introduction of the videotaped deposition testimony of plaintiff's sole medical witness taken in the United Kingdom pursuant to court order. The court found that plaintiff's counsel administered the oath to the witness after being cautioned by defendant's counsel, who objected to such procedure. Without this testimony, counsel for plaintiff conceded that he would not be able to make out a prima facie case. Defendant then moved to dismiss and the motion was granted.

Contrary to plaintiff's contentions, there is no requirement that an in limine motion be made in writing and be in accordance with CPLR 2214. The court, therefore, properly considered defendant's oral application (see generally, State of New York v Metz, 241 AD2d 192, 198).

Although the court properly determined that the videotaped deposition testimony is inadmissible, we afford the plaintiff a final opportunity to conduct a proper deposition of his medical

witness in conformity with the requirements of CPLR 3113 (a) (3). Concur—Mazzarelli, J.P., Ellerin, Lerner, Rubin and Marlow, JJ.