■ RONDOUT ELECTRIC, INC., Appellant, v DOVER UNION FREE SCHOOL DISTRICT et al., Respondents. [758 NYS2d 394] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Dillon, J.), dated May 17, 2002, as granted the motion of the defendant Dover Union Free School District, in effect, for partial summary judgment on the issue of liability precluding the plaintiff from recovering contract damages of $674,092.51 as specified in its amended notice of claim and limiting the plaintiff's recovery to contract damages of $350,000 as in its original notice of claim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

The plaintiff entered into a contract with the defendant Dover Union Free School District (hereinafter Dover) on or about August 6, 1996, to perform electrical work on various

construction projects at a contract price of $1,382,000. The plaintiff allegedly substantially completed performance on October 1, 1997, and received $1,223,170 in payment.

On or about October 3, 1997, the plaintiff served a verified notice of claim on the clerk of the Dover Board of Education, claiming to be owed an additional $350,000 "For Breach of Contract (Delay and Acceleration)." Thereafter, on or about April 21, 1998, the plaintiff served an amended notice of claim which alleged damages of $586,167.40 "For Breach of Contract (Delay and Acceleration)" and $87,925.11 "Overhead & Profit 15%" for a total claim of $674,092.51. Arguing that the plaintiff's amended notice of claim was untimely, Dover moved before trial to limit the plaintiff's recovery to the $350,000 in damages specified in its original notice of claim. In the order appealed from, the Supreme Court, inter alia, granted the motion. We reverse the order insofar as appealed from by the plaintiff.

The plaintiff's original, timely notice of claim satisfied all relevant jurisdictional requirements (*see* Education Law § 3813). Contrary to the holding of the Supreme Court, thereafter, mistakes or defects made in good faith, other than claims of irregularity in time or manner of service of the notice of claim, can be corrected or disregarded in the discretion of the court provided that the party receiving the notice is not prejudiced thereby (*see Gordon Dana Madris Realty v Eastchester Union Free School Dist.*, 125 AD2d 541 [1986]; *Commissioners of State Ins. Fund v Board of Educ., Arlington Cent. School Dist. No. 1*, 301 AD2d 555 [2003]; *Jones v New York City Hous. Auth.*, 178 AD2d 284 [1991]; *Sullivan v Board of Educ. of Eastchester Union Free School Dist.*, 131 AD2d 836 [1987]; *Runyan v Board of Educ.*, 121 AD2d 708 [1986]; *Village of Chatham v Board of Fire Commrs. of Delmar Fire Dist.*, 90 AD2d 860, 861; *Central School Dist. No. 1 of Towns of Lake George, Queensbury, Bolton & Fort Ann v State of New York*, 28 AD2d 1062 [1967]). Dover failed to demonstrate any prejudice as a result of the plaintiff's belated amendment, which, we note, did not alter the theory of its claim that Dover mishandled the scheduling of construction, which delayed the plaintiff's work and accelerated performance into a shorter time than indicated by contract specifications. Thus, the Supreme Court erred in granting Dover's motion.

The Supreme Court granted Dover's motion in reliance upon the holdings of *Parochial Bus Sys. v Board of Educ. of City of N.Y.* (60 NY2d 539, 547 [1983]), and *P.J. Panzeca, Inc., v Board of Educ.* (29 NY2d 508, 510 [1971]), both of which state, inter

alia, that in a contract action, a notice of claim must set forth the amount of damages claimed, and some explanation of its computation. The plaintiff's notice of claim complied with this requirement. *Parochial Bus Sys. v Board of Educ. of City of N.Y. (supra)* dealt with the inapposite jurisdictional issue of the manner of service, and *P.J. Panzeca, Inc. v Board of Educ. (supra)*, dealt with the issue of the complete failure to allege any amount of damages in otherwise deficient claim papers. Neither case raised the issue in controversy herein, namely whether the plaintiff, who initially satisfied all jurisdictional prerequisites, may seek damages in an amount beyond that identified in its timely, original notice of claim. Contrary to Dover's implied contentions, the *amount* specified in the plaintiff's original notice of claim did not create a jurisdictional ceiling above which actual damages may not rise. In the absence of any authority to the contrary, we thus hold, under the circumstances of this case, that the plaintiff is not limited to seeking the amount of damages identified in its original notice of claim.

Dover's remaining contentions are without merit.

The dissent has decided that this appeal should be dismissed because no appeal lies from an order deciding a motion in limine. Dover did not raise this argument in its respondent's brief. It is correct to say that an order, made in advance of trial, which merely determines the admissibility of evidence is an unappealable advisory ruling (*see Chateau Rive Corp. v Enclave Dev. Assoc.,* 283 AD2d 537 [2001]; *Brennan v Mabey's Moving & Stor.,* 226 AD2d 938 [1996]). Indeed, according to Black's Law Dictionary, a motion in limine is defined as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial" (*id.* at 1033 [7th ed]). However, despite the fact that Dover styled its motion as one in limine, the foregoing definition underscores that Dover's motion sought far more than an advisory evidentiary ruling. Dover's motion sought to limit the amount of the plaintiff's recovery. An order which limits the scope of issues to be tried is appealable (*see Ferrara v Kearney,* 285 AD2d 890 [2001]; *Hargrave v Presher,* 221 AD2d 677 [1995]; *Siewert v Loudonville Elementary School,* 210 AD2d 568 [1994]).

Contrary to the dissent's unsupported assertion, Dover's motion was the functional equivalent of a motion for partial summary judgment dismissing the complaint insofar as it sought damages in an amount in excess of the damages pleaded in the plaintiff's initial notice of claim (*see Downtown Art Co. v Zimmerman,* 232 AD2d 270 [1996]). The dissent points out that a

motion in limine is an inappropriate substitute for a motion for summary judgment; we do not dispute that. The point is, however, that when a party misuses a motion in limine as the procedural equivalent of a motion for partial summary judgment, and the court decides that motion, resulting in an order that limits the issues to be tried, that order is appealable. An order deciding such a motion clearly involves the merits of the controversy (*see* CPLR 5701 [a] [2] [iv]) and affects a substantial right (CPLR 5701 [a] [2] [v]) and thus is appealable (*see Marshall v 130 N. Bedford Rd. Mount Kisco Corp.*, 277 AD2d 432 [2000]; *see also Campaign for Fiscal Equity v State of New York*, 271 AD2d 379 [2000]; *Qian v Dugan*, 256 AD2d 782 [1998]).

Moreover, there is no reason why review of this issue must be deferred until after trial. To the contrary, adoption of the dissent's view could necessitate a second trial on the issue of damages in the event the plaintiff establishes its entitlement to recovery. The dissent posits that "unless and until the plaintiff does establish entitlement to recovery this appellate ruling will have no effect." However, that is inaccurate. Our decision has the very tangible effect of permitting the plaintiff to seek full recovery of its actual damages.

Finally, while the dissent opines that the Supreme Court correctly decided Dover's motion on the merits, it is noteworthy that, like the Supreme Court, the dissent has failed to cite a single case holding that in a contract action against a municipal defendant, a plaintiff is limited, as a matter of law, to seeking recovery of only the amount of damages identified in a timely initial notice of claim, and is jurisdictionally precluded from seeking greater damages as subsequently identified. In the absence of any such authority, and in the absence of any prejudice to Dover as demonstrated herein, we perceive no reason to arbitrarily prevent the plaintiff from attempting to prove, and recover, its actual contract damages. As such, we are not persuaded by the dissent's reasoning. S. Miller, J.P., Adams and Rivera, JJ., concur.

Goldstein, J., dissents and votes to dismiss the appeal, with the following memorandum: A ruling on a motion in limine determining the evidence of damages admissible at trial constitutes an evidentiary ruling made in advance of trial (*see Chateau Rive Corp. v Enclave Dev. Assoc.*, 283 AD2d 537 [2001]). Such a ruling, even when it is made on motion papers, is appealable neither as of right nor by permission (*see Chateau Rive Corp. v Enclave Dev. Assoc., supra*; *Savarese v City of N. Y. Hous. Auth.*, 172 AD2d 506, 509 [1991]; *Mauro v Village of*

*Freeport,* 113 AD2d 876 [1985]; *see also Ferrara v Kearney,* 285 AD2d 890 [2001]). The order appealed from is at best an advisory opinion which this Court has no authority to review (*see Savarese v City of New York, supra* at 509). Appellate review "must be deferred until after trial" when the effect of the Supreme Court's ruling, if any, "can be assessed in the context of the record as a whole" (*Brennan v Mabey's Moving & Stor.,* 226 AD2d 938 [1996]).

The instant motion in limine is not analogous to a motion for partial summary judgment. Indeed, *Downtown Art Co. v Zimmerman* (232 AD2d 270 [1996]) explicitly states that a "motion *in limine* was an inappropriate device to obtain relief in the nature of partial summary judgment." In *Siewert v Loudonville Elementary School* (210 AD2d 568 [1994]), relied upon by the majority, the defendants' so-called motion "in limine" was actually a garden-variety motion for summary judgment dismissing the complaint alleging negligent supervision and a dangerous snow and ice condition. The Supreme Court granted partial summary judgment dismissing the cause of action alleging a dangerous snow and ice condition and found that there were issues of fact which precluded granting summary judgment with respect to the cause of action alleging negligent supervision. The order had an immediate effect: the plaintiff had only one cause of action instead of two causes of action.

In this case, the "actual effect of the ruling in question is contingent upon the state of the record when the material in question is offered into evidence at trial" (*Hargrave v Presher,* 221 AD2d 677, 678 [1995]). The majority argues that deferring appellate review of this issue until after the trial "could necessitate a second trial * * * in the event the plaintiff establishes its entitlement to recovery." However, unless and until the plaintiff does establish entitlement to recovery this appellate ruling will have no effect. Further, it is not the function of appellate courts to issue advisory trial rulings to avoid the necessity of granting a new trial on appeal from a final judgment.

On the merits, the Court of Appeals has held that in a breach of contract action, a notice of claim must set forth the amount of damages claimed and how damages were computed, since "[w]ithout such statement adjustment and settlement of the dispute are rendered unlikely" (*P.J. Panzeca, Inc. v Board of Educ.,* 29 NY2d 508, 510 [1971]). To permit a claimant to substantially increase the amount of damages claimed merely by serving an amended notice of claim without leave of the court would render this requirement meaningless and adjustment and settlement of the dispute even less likely.

A court, in the proper case, has the authority to grant leave to serve a late notice of claim, and to specify the requirements of a late notice of claim, including the amount of damages demanded (*see Gordon Dana Madris Realty v Eastchester Union Free School Dist.,* 125 AD2d 541 [1986]). However, in this case, the claimant acted without authorization of the court. By the time the amendment of the notice of claim was brought to the court's attention, the statute of limitations had run and, as the Supreme Court stated, it was "without authority to consider or permit late service of the Amended Notice."

In view of the foregoing, if I were to review the merits of this advisory ruling, I would concur with the conclusion of the Supreme Court that the plaintiff's damages, if any, are limited to the amount demanded in its original notice of claim.