■ DAVID RIVERA et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [762 NYS2d 258] —In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Mason, J.), dated January 8, 2002, which, upon, in effect, the conversion of the motion of the defendants City of New York, New York City Department of Transportation, and New York City Department of Highway to preclude their expert from testifying at trial into a motion for summary judgment and, upon the granting of the motion, dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgment is reversed, on the law, and the complaint is reinstated insofar as asserted against the respondents.

Immediately prior to trial, the parties moved to preclude the introduction of certain evidence. Among these motions was one by the defendants the City of New York, New York City Department of Transportation, and New York City Department of Highway (hereinafter collectively the City defendants) to preclude the plaintiffs' expert from testifying at trial. However, no defendant made any motion for summary judgment dismiss-

ing the complaint. Nevertheless, after argument, the Supreme Court, inter alia, dismissed the complaint insofar as asserted against the City defendants.

It was improper for the Supreme Court, in effect, to convert the City defendants' in limine motion into one for summary judgment and then to dismiss the complaint against the City defendants. "[A] motion in limine is an inappropriate substitute for a motion for summary judgment" (*Rondout Elec. v Dover Union Free School Dist.*, 304 AD2d 808 [2003]; *see Marshall v 130 N. Bedford Rd. Mount Kisco Corp.*, 277 AD2d 432 [2000]; *Downtown Art Co. v Zimmerman*, 232 AD2d 270 [1996]). In any event, the City defendants did not demonstrate a prima facie entitlement to summary judgment (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Weiss v Fote*, 7 NY2d 579 [1960]).

Since we are reinstating the complaint, we note that the Supreme Court providently exercised its discretion in denying the plaintiffs' motion to preclude the City defendants from offering certain evidence at trial (*see* CPLR 3101 [d]; *see generally Martin v NYRAC*, 258 AD2d 443 [1999]; *cf. Tamborino v Burakoff*, 224 AD2d 609 [1996]). Santucci, J.P., Friedmann, Mastro and Rivera, JJ., concur.