■ MONICA BREWI-BIJOUX, Appellant, v CITY OF NEW YORK et al., Respondents. [900 NYS2d 885]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kerrigan J.), entered November 18, 2008, which, upon the granting of the defendants' motion, in effect, for summary judgment dismissing the complaint, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion is denied, and the complaint is reinstated.

In 2001 the plaintiff commenced this action to recover damages for injuries she allegedly sustained during the course of her employment as a special education teacher. On January 26, 2007, a note of issue was filed. On October 24, 2008, just before jury selection, the defendants moved, in effect, for summary judgment dismissing the complaint. The Supreme Court granted the motion. We reverse.

Initially, we note that while the defendants characterized their motion as one for in limine relief to dismiss the complaint for failure to establish a prima facie case, the record reveals that the motion actually was one for summary judgment. "[A] motion in limine is an inappropriate substitute for a motion for summary judgment" (*Rondout Elec. v Dover Union Free School Dist.*, 304 AD2d 808, 810-811 [2003]; *see Rivera v City of New York*, 306 AD2d 456, 457 [2003]). Moreover, the Supreme Court improvidently exercised its discretion in considering this late motion since the defendants failed to offer any excuse for their failure to timely move for summary judgment (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648 [2004]; *Nobile v Town of Hempstead*, 17 AD3d 647 [2005]; *Clermont v Hillsdale Indus.*, 6 AD3d 376, 377 [2004]). Such failure warrants denial of the motion without consideration of the merits thereof (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Rivera v City of New York*, 306 AD2d 456 [2003]). Accordingly, we reinstate the complaint.

In view of our determination, we need not reach the parties' remaining contentions. Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.