WEST BROADWAY FUNDING ASSOCIATES et al., Plaintiffs, and HARRISON EQUITIES, LLC, Respondent, v GARY FRIEDMAN et al., Defendants/Third-Party Plaintiffs. FIDELITY NATIONAL TITLE INSURANCE COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendants. [901 NYS2d 548]—In an action, inter alia, to recover damages for breach of contract, the third-party defendant Fidelity National Title Insurance Company appeals from an amended judgment of the Supreme Court, Westchester County (Loehr, J.), entered February 5, 2009, which, upon an order of the same court entered September 30, 2008, granting the motion of the plaintiff Harrison Equities, LLC, among other things, (1) in effect, to dismiss the affirmative defenses of the third-party defendant Fidelity National Title Insurance Company based on (a) the allegation that Harrison Equities, LLC, "created, suffered, assumed, or agreed to" the defect in the deed, and (b) the allegation that Harrison Equities, LLC, prejudiced its rights of subrogation by giving certain releases to John Faracco, JBL Development Corp., Gary Friedman, and Natale Friedman & Segall, LLC, and (2) to preclude from trial (a) evidence concerning releases given by Harrison Equities to John Faracco, JBL Development Corp., Gary Friedman, and Natale Friedman & Segall, LLC, (b) evidence that Harrison Equities was contributorily negligent, and (c) evidence that Harrison Equities, LLC, failed to mitigate damages, and upon an order of the same court entered December 4, 2008, denying

its motion for leave to reargue and directing the entry of judgment, is in favor of the plaintiff Harrison Equities, LLC, and against it in the principal sum of $530,000.

Ordered that the amended judgment is reversed, on the law, with costs, the motion of the plaintiff Harrison Equities, LLC, is denied, the orders entered September 30, 2008, and December 4, 2008, are modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for trial.

The motion of the plaintiff Harrison Equities, LLC (hereinafter Harrison), was, in effect, an untimely motion for summary judgment (*see Rivera v City of New York*, 306 AD2d 456 [2003]; *Rondout Elec. v Dover Union Free School Dist.*, 304 AD2d 808 [2003]; *Marshall v 130 N. Bedford Rd. Mount Kisco Corp.*, 277 AD2d 432 [2000]; *Downtown Art Co. v Zimmerman*, 232 AD2d 270 [1996]). Accordingly, and in the absence of any showing of "good cause" for the late filing of such a motion (CPLR 3212 [a]), the Supreme Court should have denied the motion (*see generally Brill v City of New York*, 2 NY3d 648 [2004]).

Harrison's remaining contentions are without merit. Fisher, J.P., Dillon, Dickerson and Eng, JJ., concur.