MENDEL E. OFMAN, Appellant, v STEVEN E. GINSBERG, Respondent. [933 NYS2d 103]—

The plaintiff commenced this action to recover damages for legal malpractice and breach of contract. He alleged that the defendant, who represented him in a separate action, had deviated from good and accepted legal practice while negotiating the language of a stipulation of settlement, and that this failure to render competent legal services proximately caused him to sustain actual and ascertainable damages. After jury selection, and after the parties made their opening statements at trial, the defendant, based on the doctrine of collateral estoppel, made a motion, denominated as one in limine to preclude the plaintiff from adducing any evidence, at trial, on the issue of whether the stipulation of settlement was intended to act as a general release. The Supreme Court granted the motion and then, having precluded all evidence related to the sole deviation alleged by the plaintiff, directed the award of judgment as a matter of law to the defendant. This was error.

Although the defendant characterized his motion as one for in limine relief, he argued that the cause of action alleging legal malpractice could not be maintained because of collateral estoppel (*see* CPLR 3211 [a] [5]). Notably, he did not raise this objection or defense in either his answer or his original motion to dismiss the complaint (*see* CPLR 3211 [e]). Accordingly, the defense based on the doctrine of collateral estoppel was waived (*id.*). Under the circumstances, we agree with the plaintiff that the defendant's trial motion was, in effect, an untimely motion for summary judgment (*see West Broadway Funding Assoc. v Friedman*, 74 AD3d 798, 798 [2010]; *Brewi-Bijoux v City of New York*, 73 AD3d 1112, 1113 [2010]; *Matter of City of New York v Mobil Oil Corp.*, 12 AD3d 77, 80-81 [2004]; *Rivera v City of New York*, 306 AD2d 456, 456-457 [2003]; *Rondout Elec. v Dover Union Free School Dist.*, 304 AD2d 808, 811 [2003]) based on a defense that was waived (*see* CPLR 3211 [e]). "[A] motion in limine is an inappropriate substitute for a motion for summary judgment" (*Rondout Elec. v Dover Union Free School Dist.*, 304 AD2d at 810-811). Moreover, the Supreme Court improvidently exercised its discretion in considering this motion since the defendant failed to offer any excuse for the untimely submission of the motion (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648 [2004]). As the motion should have been denied, we reverse the judgment and reinstate the complaint (*see Brewi-Bijoux v City of New York*, 73 AD3d at 1113). Mastro, J.P., Eng, Belen and Hall, JJ., concur.