*803 The petitioners, who are cotrustees of the Martin Singer GST Exempt Marital Trust (hereinafter the GST Trust), created under the will of the decedent, Martin Singer, petitioned for an accounting in the Surrogate’s Court with respect to the GST Trust. Objections were filed by Ricki Singer, as ancillary guardian of her son, Daniel Singer, based, in part, upon the purchase of an asset of the GST Trust, namely an interest in Mars Associates, Inc. (hereinafter the Mars asset), by the petitioner Dorothy Singer (hereinafter Dorothy) in her individual capacity, at the time that Dorothy was serving as one of the cotrustees of the GST Trust, which the objectant alleges evidenced Dorothy’s self-dealing.
In a motion denominated as one in limine, the petitioners Gary Singer and Brad Singer (hereinafter together the movants) sought, inter alia, to strike all objections and to preclude all testimony relating to the sale of the Mars asset from the GST Trust to Dorothy while she was serving as a cotrustee of the GST Trust (hereinafter the sale). The Surrogate’s Court granted that branch of the motion to the extent of precluding, from trial, all evidence relating to the issues of self-dealing and appreciation damages with regard to the sale, except in connection with a certain reduction in the corpus of the GST Trust. While the movants characterized their motion as one for in limine relief, the record reveals that the entire motion actually was one for summary judgment on the issues of self-dealing and appreciation damages. “ ‘[A] motion in limine is an inappropriate substitute for a motion for summary judgment’ ” (Brewi-Bijoux v City of New York, 73 AD3d 1112, 1113 [2010], quoting Rondout Elec. v Dover Union Free School Dist., 304 AD2d 808, 810-811 [2003]; see Ofman v Ginsberg, 89 AD3d 908, 909 [2011]). Since the movants failed to offer any excuse for their failure to timely move for summary judgment with respect to whether the circumstances surrounding the sale, and the cotrustees’ awareness and ratification of the sale, evidenced self-dealing (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648 [2004]), such failure warranted the denial of the motion in its entirety without consideration of the merits thereof (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725 [2004]; Rivera v City of New York, 306 AD2d 456 [2003]).
In view of our determination, we need not reach the parties’ remaining contentions. Balkin, J.P, Hall, Lott and Cohen, JJ., concur.