Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about December 2, 2011, which granted defendants’ motions in limine to preclude plaintiffs from proffering evidence that water caused the infant plaintiff’s injury and to dismiss, for failure to state a cause of action, the complaint alleging premises liability and negligent supervision, unanimously modified, on the law, to deny the motion to dismiss as to the negligent supervision claim, and otherwise affirmed, without costs.
Plaintiffs’ original notice of claim did not allege that the infant plaintiff slipped on water on the gym floor. It alleged merely that respondents were “negligent in the premises.” This allegation failed to provide respondents with enough information to enable them to investigate the premises liability claim (see O’Brien v City of Syracuse, 54 NY2d 353, 358 [1981]). Plaintiffs may not rely on the complaint (served 13 months after the accident), the bill of particulars (served almost two years after the accident), or the General Municipal Law § 50-h hearing testimony (given almost one year after the accident) to alert respondents to their theory of a failure to discover and remedy a wet floor (see Scott v City of New York, 40 AD3d 408, 410 [1st Dept 2007]).
The motion court improperly treated the motion in limine to dismiss the negligent supervision claim as a motion for summary judgment (see Downtown Art Co. v Zimmerman, 232 AD2d *517 270 [1st Dept 1996]; Brewi-Bijoux v City of New York, 73 AD3d 1112 [2d Dept 2010]). Concur — Andrias, J.E, Sweeny, Freedman, Feinman and Gische, JJ.