NINETEEN EIGHTY-NINE LLC, Appellant, v CARL C. ICAHN et al., Respondents. [984 NYS2d 358]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered November 13, 2013, which granted defendants' motion in limine, unanimously reversed, on the law and the facts, without costs and the motion denied. Order, same court and Justice, entered November 14, 2013, which denied plaintiff's motion in limine, unanimously affirmed, without costs.

Contrary to defendants' contention, the orders are appealable because they limited the scope of the issues to be tried (*Scalp & Blade v Advest, Inc.*, 309 AD2d 219, 224 [4th Dept 2003]; *see also e.g. Rondout Elec. v Dover Union Free School Dist.*, 304 AD2d 808, 810 [2d Dept 2003]).

The court properly denied plaintiff's motion in limine. Our prior decision merely found that defendants had not proven that the Limited Liability Agreement of 1879 Hall, LLC (LLC Agreement) had been "modified by a course of conduct where business was conducted solely on a verbal basis" (96 AD3d 603, 605 [1st Dept 2012]). It did not find that defendants failed to give oral notice.

Our prior decision said nothing about whether defendants could argue that plaintiff's decisions with respect to other Federal-Mogul Corporation (FMO) bond transactions in 2003-2005 showed that it would not have participated in the 18 trades at issue.

At oral argument before the motion court, and in its appellate brief, plaintiff conceded that the jury should decide whether damages should be measured as of September 2005, January 2006, or some point in between; thus, there is no basis on which to preclude defendants from arguing that damages should be measured from any date other than January 2006.

We now turn to defendants' motion in limine. Contrary to defendants' contention, the issue of damages is governed by Delaware law, not New York law (*see* LLC Agreement § 19.8; *Nineteen Eighty-Nine, LLC v Icahn*, 96 AD3d at 604). Thus, contract damages can be governed by the highest intermediate price rule (*see e.g. Duncan v TheraTx, Inc.*, 775 A2d 1019 [Del 2001]). If plaintiff can establish that it did not know about the 18 opportunities to purchase FMO bonds (e.g. that defendants did not give it oral notice), it may use the highest intermediate price rule, the purpose of which is "to attempt to valuate the chance that plaintiff may have profited from a rise in value in the stock at issue, had he had control over it" (*see Haft v Dart*

*Group Corp.*, 877 F Supp 896, 902 n 2 [D Del 1995]). If plaintiff did not even know it had a chance to buy the bonds, then it had no control over them.

In light of section 7.2 of the LLC Agreement and the many references in that agreement to Carl Icahn, the consequential damages sought by plaintiff were "reasonably foreseeable at the time the contract was made" (*Pierce v International Ins. Co. of Ill.*, 671 A2d 1361, 1367 [Del 1996]). Of course, defendants are free to present evidence that plaintiff is not entitled to consequential damages because, for example, it sometimes declined to buy FMO bonds when defendants offered it the opportunity to do so, i.e. plaintiff did not always buy when Icahn bought. Concur—Sweeny, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.