**NEW AMERICA MARKETING FSI LLC, Plaintiff,**

v.

**MGA ENTERTAINMENT, INC., Defendant.**

14-CV-4266

United States District Court, S.D. New York.

Signed May 20, 2016

Joseph Anton Vogel, Kaplan Kravath & Vogel P.C., New York, NY, Steven Glen Mintz, Paul Ostensen, Scott A. Klein, Mintz & Gold LLP, NYC, NY, Timothy Joseph Quill, Jr., Mintz & Gold LLP, NYC, NY, for Plaintiff.

Ana Yaraida Correa, Jonathan K. Cooperman, Kelley Drye & Warren, LLP, New York, NY, Edmund John Ferdinand, III, Jessica Strom Rutherford, Alexander Rudolf Malbin, Ferdinand IP, LLC, New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

The Court has received motions in limine pertaining to the trial in the matter of News America Marketing FSI LLC v. MGA Entertainment, Inc. As a preliminary matter, the Court notes that many of the in limine motions the parties have brought reflect inappropriate use of such motions. The purpose of in limine motions is to enable the Court to rule on disputes over the admissibility of discrete items of evidence. See TVT Records v. Island Def Jam Music Grp., 250 F.Supp.2d 341, 344 (S.D.N.Y.2003), United States v. Chan, 184 F.Supp.2d 337, 340 (S.D.N.Y.2002) ("The purpose of a motion in limine is to allow the trial court to rule in advance of trial on

the admissibility and relevance of certain forecasted evidence.").

Six motions in limine were filed by plaintiff News America Marketing FSI LLC ("NAM"). A summary of NAM'S requests and the Court's rulings thereon follow.

NAM requests that the Court:

(1) exclude evidence of objection to an account stated in its entirety pursuant to Federal Rule of Evidence ("FRE") 402: **DENIED**

(2) exclude evidence of non-performance by NAN pursuant to FRE 402 and 403: **DENIED**

(3) exclude evidence or testimony that refers to an alleged fraud or the dismissed counterclaims, or that references an audit in its entirety pursuant to FRE 402 and 403: **GRANTED IN PART**

(4) exclude evidence or testimony regarding defendant MGA Entertainment, Inc.'s ("MGA") counterclaim for negligent misrepresentation: **DENIED**

(5) exclude evidence or testimony concerning MGA's new, unpled negligent misrepresentation theory: **DENIED**

(6) exclude the testimony of Andrea Masingale ("Masingale") pursuant to Federal Rule of Civil Procedure ("FRCP") 37(c)(1): **GRANTED**

MGA also filed a motion in limine. A summary of MGA's requests and the Court's rulings thereon follow. MGA requests that the Court:

(1) exclude evidence relating to the claim for an account stated brought by NAM pursuant to FRE 403: **DENIED**

In the following discussion, each of the motions is addressed in turn, beginning with NAM'S motions.

## I. EVIDENCE OF OBJECTION TO ACCOUNT STATED

■ Federal Rule of Evidence 402 provides that relevant evidence is generally admissible, and FRE 403 provides that evidence that is relevant may nonetheless be excluded if its probative value is substantially outweighed by, among other considerations, the danger of unfair prejudice, confusion of the issues, or misleading the jury. NAM seeks specifically to preclude any evidence that MGA requested information or back-up documentation from NAM after receiving NAM'S invoice. NAM asserts that any request for information made by MGA was, as a matter of law, not an objection to the account stated and therefore any information regarding such a request for information is neither relevant nor probative of whether NAM has made out its account stated claim. NAM further asserts that what probative value any evidence of a request for information about the coupon program may have is substantially outweighed by undue prejudice to NAM and the danger of confusion of the issues for the jury.

Defendant counters that whether MGA stated an objection to the account within a reasonable time is a question of fact that should be left to a jury. MGA argues that evidence of an objection to the invoice is a factual dispute over a required element of NAM'S account stated claim and they intend to show evidence that MGA did make a specific objection to the invoice.

■ Where there is a dispute over the correctness of the account, the account stated cause of action fails. DiMare Homestead, Inc. v. Alphas Co. of New York, No. 09 Civ. 6644, 2012 WL 1155133, at *22–23 (S.D.N.Y. Apr. 5, 2012). Where the question in an account stated claim is whether the alleged debtor retained a statement of account without objecting within a reasonable time, the issue "almost always is for

the jury." See Trend & Style Asia HK Co. v. Pac. Worldwide, Inc., No. 14 Civ. 9992, 2015 WL 4190746, at *4 (S.D.N.Y. July 10, 2015); see also Epstein v. Turecamo, 258 A.D.2d 502, 684 N.Y.S.2d 621, 622 (2d Dept.1999). The Court concludes that evidence of objection to NAM'S account stated is relevant to the central elements of the account stated claim—specifically whether the parties agreed upon the account—and sufficiently probative to outweigh any prejudice to MGA. Accordingly, NAM'S motion to exclude evidence that MGA requested information or back-up documentation from NAM after receiving NAM'S invoice is **DENIED**.

## II. EVIDENCE OF NON-PERFORMANCE

■ NAM also seeks to exclude evidence of non-performance by NAM as irrelevant and prejudicial pursuant to FRE 402 and 403. First, NAM argues that any evidence of non-performance by NAM should be excluded as it was not raised within 120 days as required by the May 31 credit agreement ("Credit Agreement"). NAM further asserts that any evidence involving alleged performance obligations outside the scope of NAM'S contractual obligations and duties should be excluded as irrelevant to NAM'S performance under the Letter of Commitment.

With respect to the 120-day limitation period, MGA argues that the Letter of Commitment, which includes no similar time limit, superseded the Credit Agreement. The Court notes that the parties agreed that the Letter of Commitment should "supersede all prior agreements." Regardless of the application of the limitations period, MGA asserts that it intends to present evidence of an objection made within the 120 day objection period. Such evidence, in addition to evidence of NAM'S non-performance under the Letter of Commitment, is clearly relevant to the central elements of NAM'S claim of breach of

contract against MGA. NAM'S entire motion to exclude evidence of non-performance is therefore **DENIED**.

## III. EVIDENCE THAT REFERS TO ALLEGED FRAUD OR DISMISSED COUNTERCLAIMS, OR REFERENCES AN AUDIT

■ NAM asserts that evidence or testimony that refers to an alleged fraud or dismissed counterclaims, or that refer to an audit of the coupon program proposed internally by MGA, should be excluded. NAM asserts that such evidence should be precluded under FRE 403 because such evidence relates to fraud-based counterclaims that have been dismissed and would prejudice NAM and confuse the jury.

MGA does not dispute that evidence or testimony that refers to the dismissed fraud counterclaims is inadmissible. MGA argues, however, that its defenses of estoppel and unclean hands do not sound in fraud. It also argues that the reference to the proposed audit is admissible as relevant to whether MGA objected to the account stated claim.

The Court concludes that evidence of fraud or defenses sounding in fraud presents a substantial risk of prejudice to NAM for the reasons asserted. The Court agrees that presentation of a defense of unclean hands likely requires presentation of evidence overlapping with the dismissed fraud counterclaims. See Dress for Success Worldwide v. Dress 4 Success, 589 F.Supp.2d 351, 364 (S.D.N.Y.2008)("Typically, courts that have denied injunctive relief due to plaintiff's unclean hands have found plaintiff guilty of truly unconscionable and brazen behavior.") To the extent MGA intends to present evidence in support of an estoppel or unclean hands defense that is intended to show that NAM engaged in willful or intentional deceit, such evidence is precluded as irrelevant to

the claims at trial and substantially prejudicial to NAM.

■ As for the evidence of MGA's proposed internal audit of the coupon program, it is unclear from defendant's submissions how such evidence is relevant to the claims in this matter. A court considering a motion in limine may reserve judgment until trial so that the motion is placed in the appropriate factual context. Wechsler v. Hunt Health Sys., Ltd., 381 F.Supp.2d 135, 140 (S.D.N.Y.2003). Because any evidence of a proposed internal audit would have to be established as relevant in the context of the facts presented at trial, the Court finds that it is premature to exclude such evidence.

NAM further requests to exclude evidence of other litigation to which NAM is a party. MGA did not oppose this request. The Court agrees with plaintiffs that evidence of other litigation to which NAM is a party would be irrelevant to this matter and unduly prejudicial to NAM.

Accordingly, NAM'S motion to exclude evidence of alleged fraud or dismissed counterclaims, or that relate to MGA's proposed internal audit, is **GRANTED** in part.

## IV. EVIDENCE OR TESTIMONY REGARDING MGA ENTERTAINMENT, INC.'S COUNTERCLAIM FOR NEGLIGENT MISREPRESENTATION

■ NAM seeks to exclude evidence or testimony regarding MGA's counterclaim for negligent misrepresentation, arguing that the counterclaim should be dismissed as irrelevant and thereby inadmissible under Rule of Evidence 402 for several reasons: first, because any statements made by NAM were predictions that included disclaimers rather than statements of fact; second, because all statements about expected redemption rates were prepared by a third party clearinghouse with which

MGA had a separate contractual relationship; and third, because the Letter of Commitment's contractual limitations clause, the limitation of liability clause, and the disclaimer of representations and warranties and integration clause bar such a claim.

■ The Court once again notes that an in limine pleading is generally not the appropriate vehicle for effecting dismissal of entire claims. See Weiss v. La Suisse, Societe D'Assurances Sur La Vie, 293 F.Supp.2d 397, 403 (S.D.N.Y.2003); TVT Records, 250 F.Supp.2d at 344; Rondout Elec., Inc. v. Dover Union Free Sch. Dist., 304 A.D.2d 808, 758 N.Y.S.2d 394, 397 (2d Dept.2003)(agreeing that "a motion in limine is an inappropriate substitute for a motion for summary judgment"). NAM answered MGA's counterclaims in July 2015 and declined to file a motion to dismiss the negligent misrepresentation counterclaim. A motion to dismiss would have been the vehicle in which to challenge the timeliness and proper pleading of the negligent misrepresentation cause of action. Accordingly, the Court finds that NAM'S requests for dispositive relief on MGA's counterclaim are improperly asserted in a motion in limine.

NAM has also requested leave to file a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). At this late stage in the proceedings, the Court declines to construe the motion in limine as a motion for summary judgment or motion on the pleadings, as NAM suggests.

Insofar as any evidence presented by MGA to demonstrate NAM'S negligent misrepresentation claim may potentially go beyond the scope of what is admissible under the Federal Rules of Evidence, the Court can address specific objections on a case-by-case basis. Accordingly, the Court **DENIES** NAM'S motion to exclude evi-

dence or testimony regarding MGA's negligent misrepresentation counterclaim.

## V. EVIDENCE OR TESTIMONY CONCERNING MGA ENTERTAINMENT'S NEW, UNPLED NEGLIGENT MISREPRESENTATION THEORY

NAM seeks leave to submit a fifth motion in limine, presented to the Court after the parties' deadline for submitting motions in limine expired. NAM argues that this late-filed motion is necessitated by MGA's new theory, presented for the first time in its proposed jury charge, that NAM failed to disclose certain information to MGA regarding its lack of experience and expertise in coupon programs for toy products. NAM argues that it had no opportunity to conduct discovery on this theory and therefore evidence in support of such theory should be excluded.

MGA responds that NAM was aware of MGA's negligent misrepresentation theory as early as the parties stipulated to dismissal of the additional counterclaims. For the reasons previously discussed in the context of NAM'S fourth motion in limine, the Court DENIES NAM'S motion to exclude evidence regarding MGA's new negligent misrepresentation theory.

## VI. TESTIMONY OF ANDREA MASINGALE ("MASINGALE") PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(C)(1)

■ NAM objects to the testimony of Masingale because MGA did not identify her as a witness prior to its deadline for filing the joint pre-trial order. NAM has moved by letter to exclude Masingale's testimony under Rule 37(c)(1) of the Federal Rules of Civil Procedure, arguing that MGA's failure to disclose the witness in initial disclosures or discovery responses denied NAM the opportunity to depose Masingale and prepare for trial. MGA has presented no substantial justification for not including Masingale in pre-trial disclosures to this point. Accordingly, NAM'S request to exclude Masingale's testimony at trial is **GRANTED.**

## VII. EVIDENCE RELATING TO THE CLAIM FOR AN ACCOUNT STATED BROUGHT BY NEWS AMERICA MARKETING PURSUANT TO FEDERAL RULE OF EVIDENCE ("FRE") 403

■ MGA brought a motion in limine to exclude NAM'S account stated claim as duplicative and therefore irrelevant and potentially prejudicial to a jury. NAM points out that the claims are distinct, as its alleged damages under the account stated claim are distinct from its alleged damages under the breach of contract claim, which include attorneys fees as well as 18% prejudgment interest. The Court finds that the account stated claim is not duplicative of the breach of contract claim because the relief on each claim is distinct. See NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir.2008).

The Court concludes that evidence of objection to NAM'S account stated is relevant to the central elements of the account stated claim—specifically whether the parties agreed upon the account—and sufficiently probative to outweigh any prejudice to MGA. Accordingly, MGA's motion to exclude evidence relating to NAM'S account stated claim pursuant to FRE 403 is **DENIED.**

### VIII. ORDER

For the reasons stated above, it is hereby

ORDERED that the motion in limine of plaintiff News America Marketing ("NAM") to exclude evidence of objection to an account stated in its entirety pursuant to Federal Rule of Evidence ("FRE")

402 (Dkt. No. 104) is **DENIED**; and it is further

ORDERED that the motion in limine of plaintiff NAM to exclude evidence of non-performance by NAM pursuant to FRE 402 and 403 (Dkt. No. 107) is **DENIED**; and it is further

ORDERED that the motion in limine of plaintiff NAM to exclude evidence or testimony that refers to an alleged fraud or the dismissed counterclaims, or that references an audit in its entirety pursuant to FRE 402 and 403 (Dkt. No. 101) is **GRANTED** in part; and it is further

ORDERED that the motion in limine of plaintiff NAM to exclude evidence or testimony regarding MGA Entertainment, Inc.'s ("MGA") counterclaim for negligent misrepresentation (Dkt. No. 96) is **DENIED**; and it is further

ORDERED that the motion in limine of plaintiff NAM to exclude evidence or testimony concerning MGA's new, unpled negligent misrepresentation theory (Dkt. No. 110) is **DENIED**; and it is further

ORDERED that the motion in limine of plaintiff NAM to exclude the testimony of Andrea Masingale ("Masingale") pursuant to Federal Rule of Civil Procedure ("FRCP") 37(c)(1)(Dkt. No. 118) is **GRANTED**; and it is further

ORDERED that the motion in limine of MGA to exclude evidence relating to the claim for an account stated brought by NAM pursuant to FRE 403 (Dkt. No. 98) is **DENIED**.

**SO ORDERED.**