Farias-Alvarez v Interim Healthcare of Greater N.Y. (2018 NY Slip Op 08115)





Farias-Alvarez v Interim Healthcare of Greater N.Y.


2018 NY Slip Op 08115


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-12299
 (Index No. 1752/12)

[*1]Maria L. Farias-Alvarez, etc., appellant, 
v
Interim Healthcare of Greater New York, et al., respondents.


Feldman, Kleidman, Coffey, Sappe & Regenbaum, LLP, Fishkill, NY (Marsha S. Weiss of counsel), for appellant.
Mauro Lilling Naparty, LLP, Woodbury, NY (Caryn L. Lilling and Seth M. Weinberg of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from a judgment of the Supreme Court, Orange County (Robert A. Onofry, J.), dated September 14, 2015. The judgment, upon a jury verdict in favor of the defendants and against the plaintiff on the issue of proximate cause, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff, Maria L. Farias-Alvarez, individually and as parent and natural guardian of Alejandra Alvarez (hereinafter Alejandra), commenced this action to recover damages for personal injuries Alejandra allegedly sustained on November 23, 2011, when she was bathed by the defendant Natascha N. Tiger, a nurse employed by the defendant Interim Healthcare of Greater New York.
At a jury trial, the plaintiff sought to establish that Alejandra, who was 10 years old at the time of the incident and severely disabled, was burned by scalding water when she was bathed by Tiger at Alejandra's home on November 23, 2011. The plaintiff submitted evidence that Tiger was investigated in connection with the incident by the Orange County Child Abuse Task Force and subsequently convicted, upon a plea of guilty, of one count of endangering the welfare of an incompetent or physically disabled person in the first degree (see Penal Law § 260.34). During Tiger's plea allocution, which was admitted into evidence at the trial in this action, she stated, "When I tested [the water], it was not hot." However, in response to further questioning by the plea court, Tiger admitted that she made "an error" when determining whether the water was at "the proper temperature."
During the trial in this action, the defendants sought to establish that Alejandra's injuries were not caused by scalding water, relying upon medical records and cross-examining the plaintiff's expert witnesses as to whether Alejandra's injuries were the result of toxic epidermal necrolysis (hereinafter TEN), a type of severe skin reaction, purportedly caused by a drug Alejandra had been prescribed prior to the incident in question. Of note, Alejandra's skin was biopsied at the hospital one day after the incident, and a pathology report, which the defendants did not discover [*2]until very late during the litigation, concluded that the biopsy was, inter alia, consistent with a diagnosis of TEN. Tiger has sought to set aside her conviction based upon, inter alia, the conclusions asserted in the belatedly discovered pathology report (see People v Tiger, 149 AD3d 86, revd 32 NY3d 91).
The jury in this action rendered a verdict in favor of the defendants, concluding that Tiger's conduct was not a substantial factor in causing Alejandra's injuries. The plaintiff appeals.
The plaintiff contends that the Supreme Court failed to give the criminal plea proper collateral estoppel effect and that the sole question for the jury should have been the amount of damages. On the eve of trial, the plaintiff sought an in limine ruling, based upon the doctrine of collateral estoppel, that Tiger's criminal plea conclusively established that she was negligent as a matter of law and that her negligence proximately caused Alejandra's injuries. Further, the plaintiff argued that the defendants should be precluded from introducing any evidence that Alejandra's injuries were caused by TEN. The court, in effect, granted the plaintiff's application in part, by submitting only the question of proximate cause to the jury and, thus, in effect, awarding the plaintiff judgment as a matter of law on the issue of Tiger's negligence. The court further ruled that the defendants were precluded from introducing evidence regarding TEN in their case-in-chief, but permitted them to cross-examine the plaintiff's experts regarding the medical records concluding that Alejandra's injuries were caused by TEN.
We agree with the defendants' contention that the plaintiff's pretrial application, characterized as one for in limine relief, was the functional equivalent of an untimely motion for summary judgment on the issue of liability (see Ofman v Ginsberg, 89 AD3d 908, 909; West Broadway Funding Assoc. v Friedman, 74 AD3d 798, 798; Marshall v 130 N. Bedford Rd. Mount Kisco Corp., 277 AD2d 432; Downtown Art Co. v Zimmerman, 232 AD2d 270). "[A] motion in limine is an inappropriate substitute for a motion for summary judgment" (Rondout Elec. v Dover Union Free School Dist., 304 AD2d 808, 810-811). Further, "in the absence of any showing of good cause' for the late filing of such a motion (CPLR 3212[a]) the Supreme Court should have denied the motion" (West Broadway Funding Assoc. v Friedman, 74 AD3d at 799, citing Brill v City of New York, 2 NY3d 648). We note that, in light of the verdict in favor of the defendants, we do not otherwise review the propriety of the court's ruling on the plaintiff's in limine application.
The plaintiff's contention that improper remarks by defense counsel deprived her of a fair trial is largely unpreserved for appellate review (see Reilly v St. Charles Hosp. & Rehabilitation Ctr., 143 AD3d 692, 694; Frederic v City of New York, 117 AD3d 899, 900). To the extent the plaintiff's contention is preserved, viewing defense counsel's conduct in the context of the entire trial, we conclude that it was not pervasive or prejudicial, or so inflammatory as to deprive the plaintiff of a fair trial (see Lariviere v New York City Tr. Auth., 131 AD3d 1130, 1132; Oakes v Patel, 87 AD3d 816, 819, mod 20 NY3d 633; Jun Suk Seo v Walsh, 82 AD3d 710, 710; Wilson v City of New York, 65 AD3d 906, 908; Davis v Nassau Ophthalmic Servs., 232 AD2d 358, 361).
We agree with the Supreme Court's determination to deny the plaintiff's request for a Noseworthy charge (see Noseworthy v City of New York, 298 NY 76). Since Alejandra's inability to testify was the result of her severe, preexisting disability, and not the result of Tiger's alleged negligent conduct, the Noseworthy doctrine was not applicable (see Nunez v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 110 AD3d 686, 688-689; Anderson v House of Good Samaritan Hosp., 44 AD3d 135, 143; see also PJI 1:62).
The Supreme Court providently exercised its discretion in excluding Alejandra from the courtroom during summations since she had profound physical and mental disabilities and was incapable of assisting counsel in the presentation of the case, and since her presence might well have impaired the jury's capacity for objective consideration of the facts (see Cruz v St. Luke-Roosevelt Hosp. Ctr., 280 AD2d 317, 318; Caputo v Sarcona Trucking Co., 204 AD2d 507).
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court