C.D. v C.D. (2025 NY Slip Op 50746(U))

[*1]

C.D. v C.D.

2025 NY Slip Op 50746(U)

Decided on May 10, 2025

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 10, 2025
Supreme Court, Westchester County

C.D., Plaintiff,

against
C.D., Defendant.

Index No. XXXXX

Plaintiff — Christine Biancaniello, Esq., Miller Zeiderman, LLP, 140 Grand Street, 5th Floor, White Plains, New York 10601 
Defendant — Alexadra Maxwell, Esq., Nolletti Law Group, PLLC, 1 North Lexington Avenue, 15th Floor, White Plains, New York 10601

James L. Hyer, J.

The following documents were considered in connection with Defendant's motion, dated April 29, 2025, (hereinafter "Motion Sequence No. 11"), seeking the entry of an Order granting the following relief:
1. Denying any request by Plaintiff to have the Court allocate the parties share of the future college expenses for the children at the child support hearing scheduled to commence before this Court on May 27, 2025; and
2. Granting such other and further relief as this Court may deem just and proper.
PAPERS         
NUMBERED
Notice of Motion/Memorandum of Law/ 1-2
Affirmation in Opposition 3
 Relevant Background, Procedural History
On October 18, 2021, this matrimonial action was commenced with the filing of a Summons and Complaint (NYSCEF Doc. No. 1) (hereinafter "Complaint"), asserting that there are two children of the marriage being: (1) P.D. (D.O.B.: XX/XX/XXXX); and (2) S.D. (D.O.B.: XX/XX/XXXX) (hereinafter collectively "Children").
On October 21, 2024, an Order (NYSCEF Doc. No. 507) was entered directing: (1) a pre-trial conference shall be held on May 9, 2025, at 9:00 a.m.; (2) motions in limine shall be filed and served on opposing counsel at least ten days prior to the pre-trial conference, opposition [*2]submissions shall be filed and served within 5 days of the pre-trial conference and no reply submissions to be filed; and (3) trial shall proceed on May 27, 2025, at 9:00 a.m.
On April 29, 2025, Motion Sequence No. 11 was filed (NYSCEF Doc. No. 516-517) seeking the above-referenced relief.
On May 2, 2025, opposition submissions were filed with respect to Motion Sequence No. 11 (NYSCEF Doc. No. 579). No other submissions have been filed with respect to this application.

Parties' Contentions
Defendant asserts that the requested relief is appropriate as Plaintiff's request that college expenses for the Children, now sixteen and eight years of age, is premature under prevailing law and that it would be an abuse of discretion for this Court to hear any evidence with respect to the allocation of the parties' pro rata shares of the future college expenses of the Children.
Plaintiff opposes to the application arguing that it requests relief tantamount to that of a motion for summary judgment, as it does not seek to limit specific evidence, but instead seeks a determination of an issue before the Court and the time to have filed a motion for summary judgment has long passed. Moreover, Plaintiff argues that it would be appropriate for the Court to review the issue of allocation of the parties' pro rata shares of the future college expenses of the Children, as this review not only takes into account the age of the children at issue but other factors as well.

Legal Analysis
1. Request for the entry of an order denying any request by Plaintiff to have the Court allocate the parties share of the future college expenses for the children at the child support hearing scheduled to commence before this Court on May 27, 2025.
The courts have the inherent authority to entertain motions in limine (People v. Michael M., 162 Misc 2d 803 [New York Sup. 1994]; see also, CPLR § 4011 "The court may determine the sequence in which the issues shall be tried and otherwise regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue in a setting of proper decorum."; CPLR § 4017 "At the time a ruling or order of the court is requested or made a party shall make known the action which he requests the court to take or, if he has not already indicated it, his objection to the action of the court." Such motions may be made in writing or verbally (Wilkinson v. British Airways, 292 AD2d 263 [2d Dept 2002]).
It is not uncommon for motions in limine to be addressed at pre-trial conferences which are described in the Uniform Civil Rules For the Supreme Court and The County Court § 202.26(b) which provides:
"Pre-Trial Conference. Prior to Trial, counsel shall confer in a good faith effort to identify matters not in contention, resolve disputed questions without need for court intervention and further discuss settlement of the case. Where a pre-trial conference is scheduled, or otherwise prior to the commencement of opening statements, counsel shall be prepared to discuss all matters as to which there is disagreement between the parties and settlement of the matter, and the court may require the parties to prepare a written stipulation of undisputed facts."
Discussing the proper use of a motion in limine as compared to a motion for summary judgment, the Appellate Division First Department noted:
"While the motion court recognized that summary judgment is a procedural device to accelerate judgment by eliminating the trial stage when the only issues to be resolved are [*3]questions of law, it nevertheless overstated the concept that summary judgment is the functional equivalent of a trial and proceeded to treat defendants' cross-motions as motions in limine. Generally, the function of a motion in limine is to permit a party to obtain a preliminary order before or during trial excluding the introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use. Its purpose is to prevent the introduction of such evidence to the trier of fact, in most instances a jury. The role of the court on a motion for summary judgment, and we emphasize the summary nature of the motion, is not to try the facts, but rather to determine whether evidence sufficient to require a trial of any issue of fact exists. "[I]t is the earmark of summary judgment that the court is confined to determining whether an issue of fact exists as a matter of law" (Phillips v. Joseph Kantor & Co., 31 NY2d 307, 315, 338 N.Y.S.2d 882, 291 N.E.2d 129)."
(State v. Metz, 241 AD2d 192 [1st Dept 1998]).
It is well-established that the use of a motion in limine as a substitute for a motion for summary judgment is inappropriate and in one decision the Appellate Division Second Department noted:
"We agree with the defendants' contention that the plaintiff's pretrial application, characterized as one for in limine relief, was the functional equivalent of an untimely motion for summary judgment on the issue of liability (see Ofman v. Ginsberg, 89 AD3d 908, 909, 933 N.Y.S.2d 103; West Broadway Funding Assoc. v. Friedman, 74 AD3d 798, 798, 901 N.Y.S.2d 548; Marshall v. 130 N. Bedford Rd. Mount Kisco Corp., 277 AD2d 432, 717 N.Y.S.2d 227; Downtown Art Co. v. Zimmerman, 232 AD2d 270, 648 N.Y.S.2d 101). "[A] motion in limine is an inappropriate substitute for a motion for summary judgment" (Rondout Elec. v. Dover Union Free School Dist., 304 AD2d 808, 810—811, 758 N.Y.S.2d 394). Further, "in the absence of any showing of 'good cause' for the late filing of such a motion (CPLR 3212[a] ) the Supreme Court should have denied the motion" (West Broadway Funding Assoc. v. Friedman, 74 AD3d at 799, 901 N.Y.S.2d 548, citing Brill v. City of New York, 2 NY3d 648, 781 N.Y.S.2d 261, 814 N.E.2d 431)."
(Farias-Alvarez v. Interim Healthcare of Greater New York, 166 AD3d 945 [2d Dept 2018]; see also, Desantis v. Desantis, 225 AD3d 839 [2nd Dept 2024]; In Re Singer, 99 AD3d 802, 803 [2d Dept 2012]).
Here, a plain reading of Defendant's application confirms that Defendant does not seek relief excluding the introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use. Instead, the instant motion seeks an immediate ruling as to one of the issues before this Court as it request entry of an order "Denying any request by Plaintiff to have the Court allocate the parties share of the future college expenses for the children at the child support hearing scheduled to commence before this Court on May 27, 2025." This Court thus determines Motion Sequence No. 11 to be that of a motion for summary judgment as Defendant is seeking an accelerated judgment of an issue before this Court to be determined at trial asserting that same is appropriate as a matter of law, which is untimely as the deadline to file motions for summary judgment have long passed and this Court has not been provided any compelling basis for late filing.
Moreover, this Court finds the position of Defendant's counsel that the review of the request for allocation of college expenses by this Court would constitute an abuse of discretion [*4]to be without merit. While New York State Domestic Relations Law § 240(1-b)(c)(7) provides statutory basis for this Court to direct payment of post-secondary education expenses when appropriate, when making a determination if such an award is warranted "when college is several years away" the trial court must take into consideration not only the age of the subject child, but also "the child's academic interests, ability, possible choice of college, or what his or her expenses might be" (Repetti v. Repetti, 147 AD3d 447 [2d Dept 2017]). Therefore, while it is true that certain Courts may have declined to direct the payment of post-secondary education expenses for children who are of an age where their attendance at college is several years in the future, this Court cannot make such a determination at this stage with respect to the parties' Children. Indeed, this Court may only do so after having reviewed all evidence and testimony as to this issue presented at trial to determine for each of the Children the child's academic interests, ability, possible choice of college, or what his or her expenses might be.
Based upon the foregoing, and the submissions made to this Court, Motion Sequence No. 11 is hereby denied.
2. Other Relief.
To the extent any relief has been sought and not granted or otherwise addressed herein, it is hereby denied.
Based upon the foregoing, it is hereby
ORDERED that Motion Sequence No. 11 is denied; and it is further
ORDERED that by May 13, 2025, Plaintiff's counsel shall serve, via NYSCEF filing, this Decision and Order with Notice of Entry on Defendant's Counsel and by that date shall file an Affidavit of Service; and it is further
ORDERED that to the extent any relief sought has not been granted, it is expressly denied.
The foregoing constitutes the Decision and Order of the Court. 
Dated: May 10, 2025
White Plains, New York
ENTER:
HON. JAMES L. HYER, J.S.C.